**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, AMERICAN BIRD CONSERVANCY, SURFRIDER FOUNDATION, SAVE RGV, And THE CARRIZO/COMECRUDO NATION OF TEXAS, INC., | Civil Action No. 1:23-cv-1204-CJN |
| Plaintiffs, | |
| v. | |
| FEDERAL AVIATION ADMINISTRATION and BILLY NOLEN, in his official capacity, | |
| Defendants, | |
| and | |
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br>    1 Rocket Road<br>    Brownsville, TX 78521, | |
| Proposed Intervenor-Defendant. | |

## SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO INTERVENE

Space Exploration Technologies Corp. ("SpaceX") moves to intervene as a defendant pursuant to Rule 24(a) or Rule 24(b) of the Federal Rules of Civil Procedure. In support of this motion, SpaceX submits the accompanying Memorandum in Support, Declaration of Bret Johnsen, and Proposed Order. As explained in the Memorandum, SpaceX is entitled to intervention under Rule 24(a) because its application requesting intervention is timely, its interests in the challenged license and launch program would be impaired if intervention is denied, and the existing parties do not adequately represent SpaceX's interests. SpaceX also meets the requirements for permissive intervention under Rule 24(b)(1)(B) because its defenses share common questions of law and fact

with the claims and defenses presented by the existing parties, and SpaceX's intervention will not prejudice any existing party.

Rule 24(c) generally requires that a motion to intervene be filed with a "pleading." SpaceX has not included a proposed answer with this motion because it seeks to align its deadline to file a responsive pleading with Federal Defendants' responsive pleading deadline, which the Court has set as July 1, 2023. *See* ECF No. 11. If the Court decides that SpaceX is required to attach a proposed answer to comply with Rule 24(c), SpaceX respectfully asks the Court to grant it leave to file a proposed answer. *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 (D.C. Cir. 2004) (explaining that "procedural defects in connection with intervention motions should generally be excused by a court"); Order, ECF No. 23, *Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*, No. 1:20-cv-003817-CKK (D.D.C. Jan. 9, 2021) (granting intervention without answer and aligning responsive pleading deadline with that of the federal defendants).

Pursuant to Local Civil Rule 7(m), counsel for SpaceX conferred with counsel for the existing parties prior to filing. Plaintiffs do not oppose intervention by SpaceX in this matter and consent to SpaceX filing a responsive pleading by the Federal Defendants' deadline to file a responsive pleading. Federal Defendants oppose SpaceX's intervention under Rule 24(a), take no position on SpaceX's intervention under Rule 24(b), and consent to SpaceX filing a responsive pleading by Federal Defendants' deadline to file a responsive pleading.


Dated: May 19, 2023

Respectfully submitted,

/s/ Tyler G. Welti
Tyler G. Welti (D.C. Bar No. 1015691)
VENABLE LLP
101 California Street, Suite 3800

San Francisco, CA 94111
tgwelti@venable.com
Phone: 415-653-3714
Fax: 415-653-3755

Kathryn K. Floyd (D.C. Bar No. 411027)
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, DC 20001
kkfloyd@venable.com
Phone: 202-344-4000
Fax: 202-344-8300

*Counsel for Proposed Intervenor-Defendant
Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, a copy of the foregoing was served on counsel for Plaintiffs and Federal Defendants through the Court's electronic filing system.

_/s/ Tyler Welti_
Tyler Welti