# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) ) | Civil Case No. 23-1204 |
| FEDERAL AVIATION ADMINISTRATION, *et al*., | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' RESPONSE TO MOTION TO INTERVENE

While Defendants take no position regarding Space Exploration Technologies Corp.'s ("SpaceX") participation in this matter as a permissive intervenor, Defendants do oppose SpaceX's position that it is entitled to intervene as "of right."  *See* SpaceX Mot. Intervene at 1-2 (ECF No. 13).  This is because Plaintiffs seek review only of whether the Federal Aviation Administration ("FAA") adequately complied with the National Environmental Policy Act ("NEPA") when it issued a programmatic Environmental Assessment ("PEA") and Mitigated Finding of No Significant Impact ("FONSI")/Record of Decision ("ROD") analyzing the effects of certain planned SpaceX operations at SpaceX's facility in Boca Chica, Texas.  *See* Compl. ¶¶ 96-102 (ECF No. 1).  Defendants adequately represent SpaceX's interest in defending that analysis against Plaintiffs' narrow challenges.

## ARGUMENT

An applicant for intervention as of right under Fed. R. Civ. P. 24(a)(2) must establish four elements:

(1) the application to intervene must be timely; (2) the applicant must demonstrate

a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests.

*Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *SEC v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C. Cir. 1998)).  Here, Defendants challenge only SpaceX's ability to satisfy the fourth element, adequacy of representation.  "The original burden of showing inadequate representation rests on the applicant for intervention." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986).

SpaceX's motion fails to satisfy this requirement because Defendants adequately represent SpaceX's interests as implicated by Plaintiffs' claims.  Plaintiffs challenge only the sufficiency of the FAA's NEPA analysis.  That question must be decided based on the existing agency record and FAA's stated rationales.  *See Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated in part on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977); *In re Subpoena Duces Tecum Served on the Office of the Comptroller of Currency*, 156 F.3d 1279, 1280 (D.C. Cir. 1998).  Given these narrow confines, SpaceX's proffer that its intervention is necessary so it can raise its "views about the appropriate, narrow scope of regulation that Congress intended in issuing the [Commercial Space Launch Act]," SpaceX Mem. Supp. Mot. Intervene at 10 (ECF No. 13-1), is inapposite.  So too, SpaceX's contention that the FAA's interests are likely broader than SpaceX's "specific business interests," *id*., is not relevant because this case solely concerns the adequacy of the FAA's NEPA analysis underlying the PEA and FONSI/ROD.

Nonetheless, Defendants take no position regarding SpaceX's request to permissively intervene under Fed. R. Civ. P. 24(b).

## CONCLUSION

Defendants take no position regarding SpaceX's participation in this matter as a permissive intervenor, but oppose the contention that SpaceX is entitled to participate as an intervenor of right.

Respectfully submitted this 2nd day of June, 2023,

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*
Gregory M. Cumming (D.C. Bar No. 1018173)
Matthew P. Rand (N.Y. Bar No. 4937157)
Sarah R. Ruckriegle (D.C. Bar No. 1658781)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (office)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov

*Counsel for Defendants*

3