## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, AMERICAN BIRD CONSERVANCY, SURFRIDER FOUNDATION, SAVE RGV, And THE CARRIZO/COMECRUDO NATION OF TEXAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION and BILLY NOLEN, in his official capacity, <br><br> Defendants, <br><br> and <br><br> SPACE EXPLORATION TECHNOLOGIES CORP., <br> 1 Rocket Road <br> Brownsville, TX 78521, <br><br> Proposed Intervenor-Defendant. | Civil Action No. 1:23-cv-1204-CJN |

## SPACE EXPLORATION TECHNOLOGIES CORP.'S
## REPLY IN SUPPORT OF ITS MOTION TO INTERVENE

Neither Plaintiffs nor Federal Defendants contest that Space Exploration Technologies Corp. ("SpaceX") may intervene as a defendant in this challenge to the Federal Aviation Administration's ("FAA") review and approval of SpaceX's commercial space launch operations. But while Federal Defendants do not dispute that SpaceX may intervene permissively under Federal Rule of Civil Procedure 24(b)(1)(B), they oppose SpaceX's motion to intervene as of right under Rule 24(a)(2). They acknowledge that SpaceX has satisfied all other requirements to intervene as of right, but argue SpaceX has not shown its interests are inadequately represented by

Federal Defendants.

Contrary to their argument, SpaceX has easily met the "*minimal*" showing required to establish that its interests "*may* be" inadequately represented by the existing parties. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (emphasis added). Federal Defendants' brief argument to the contrary ignores the relevant standard and misstates what is at stake in the case. For the reasons set forth below and in SpaceX's opening brief, SpaceX should be granted intervention as of right.

## ARGUMENT

Under Rule 24(a)(2), a party must meet four requirements to intervene as of right: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998). Federal Defendants argue that SpaceX does not meet the fourth requirement because Federal Defendants "adequately represent SpaceX's interests as implicated by Plaintiffs' claims." Defs.' Resp. to SpaceX's Mot. to Intervene, ECF 14 at 2 ("Response").

Federal Defendants do not acknowledge that this last requirement requires a proposed intervenor to show only that its interests "*may* be" inadequately represented by the existing parties. *Trbovich*, 404 U.S. at 538 n.10 (emphasis added). Nor have they "acknowledged that [the D.C. Circuit has] described this last requirement for intervention as 'not onerous,' or 'low,' and that a movant 'ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation.'" *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015) (internal citations omitted). The burden of meeting the last

requirement is especially low in cases where, as here, the existing party is a government agency. Courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *see also Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 321 ("[W]e look skeptically on government entities serving as adequate advocates for private parties."). Indeed, Federal Defendants do not cite any case where a federal permittee was denied intervention as of right. Rather, the only case they cite on adequacy of intervention held that a private party's "financial stake in the outcome of the challenge" placed its "application for intervention . . . squarely within the relatively large class of cases in this circuit recognizing the inadequacy of governmental representation of the interests of private parties." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986).

The same holds true in this case. While SpaceX's Starship/Super Heavy launch program at issue is of national and international importance, SpaceX has direct and substantial financial and other private interests in the outcome of this case that the government does not share. SpaceX is the holder of a license supported by the challenged National Environmental Policy Act ("NEPA") review and the owner and operator of the commercial space launch operations at issue. Those operations are critical to multiple aspects of SpaceX's business and support thousands of private jobs. Decl. of Brett Johnsen, ECF No. 13-2 at ¶¶ 9, 19-24. While SpaceX's interests in this matter overlap some with Federal Defendants' interest in defending the FAA's NEPA review, Federal Defendants' "obligation is to represent the interests of the American people," not the interests of SpaceX, its employees, or the community in southern Texas that SpaceX's operations support. *Fund For Animals*, 322 F.3d at 736; *see also Dimond*, 792 F.2d at 193 (explaining that a government defendant "would be shirking its duty were it to advance this narrower interest [of a

private company] at the expense of its representation of the general public interest").

As a result, the positions taken by Federal Defendants during this litigation will not necessarily align with those that SpaceX would take or adequately represent SpaceX's interests. For example, as SpaceX has explained, the FAA may have interests in broadly regulating commercial space operators that do not always align with SpaceX's views about the appropriate, narrow scope of regulation that Congress intended in issuing the Commercial Space Launch Act. Moreover, SpaceX "cannot be assured that the [government's] current position 'will remain static or unaffected by unanticipated policy shifts.'" *Nat'l Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 977 (8th Cir. 2014) (citation omitted). SpaceX thus easily clears the low bar for showing that Federal Defendants' representation may be inadequate to protect SpaceX's interests.

In arguing otherwise, Federal Defendants mischaracterize the interests at stake in this litigation. They state that SpaceX's "specific business interests [are] not relevant because this case solely concerns the adequacy of the FAA's NEPA analysis underlying the PEA and FONSI/ROD." Response at 2. The fact that a NEPA claim under the Administrative Procedure Act ("APA") is at issue does not change the intervention analysis. *See Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011) (en banc) (overruling cases limiting intervention of right in NEPA actions). Moreover, Federal Defendants mischaracterize the Complaint. Plaintiffs plainly attack SpaceX's launch operations in Boca Chica, not "only the sufficiency of the FAA's NEPA analysis." Response at 2; *see* Complaint, ECF No. 3 ¶ 103 (alleging that "the FAA's decision to approve SpaceX's application for a vehicle operator license for the Starship/Super Heavy Launch Vehicle Program violates NEPA" and the APA); *id*. at Prayer for Relief (b) (seeking to "[v]acate and remand the FAA's decision to approve SpaceX's application for a vehicle operator license"). As explained above, although Federal Defendants and SpaceX both support upholding the FAA's

4

review and decision to license SpaceX, this common objective does not mean Federal Defendants adequately represent SpaceX's private interests in the commercial space launch operations at issue. *See, e.g.*, *Dimond*, 792 F.2d at 193 (holding that the "potential conflict of interest [that would exist] were [a government agency] to represent both the general interests of its citizens and the financial interests of [a business] . . . is sufficient to satisfy a proposed intervenor's 'minimal' burden of showing that representation of its interest by existing parties may be inadequate."); *Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*, 338 F.R.D. 1, 6 (D.D.C. 2021) (finding that although a business and defendant agency "may share an interest in upholding the Permit, . . . [the agency] does not have any particular interest in . . . protecting [the business's] interests in the Permit" (internal quotation marks omitted)).

Because SpaceX has made the minimal showing required to establish that its interests may be inadequately represented by Federal Defendants, and meets all other requirements, SpaceX is entitled to intervene as a defendant in this case as of right.

## CONCLUSION

For the reasons explained above, SpaceX meets the requirements for intervention as a matter of right and permissive intervention under Federal Rule of Civil Procedure 24 and respectfully asks this Court to grant SpaceX's motion to intervene.

Dated: June 9, 2023

Respectfully submitted,

/s/ Tyler G. Welti
Tyler G. Welti (D.C. Bar No. 1015691)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
tgwelti@venable.com
Phone: 415-653-3714
Fax: 415-653-3755

5

Kathryn K. Floyd (D.C. Bar No. 411027)
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, DC 20001
kkfloyd@venable.com
Phone: 202-344-4000
Fax: 202-344-8300

*Counsel for Proposed Intervenor-Defendant
Space Exploration Technologies Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2023, a copy of the foregoing was served on counsel for Plaintiffs and Federal Defendants through the Court's electronic filing system.

<u>/s/ Tyler Welti</u>
Tyler Welti