**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, AMERICAN BIRD CONSERVANCY, SURFRIDER FOUNDATION, SAVE RGV, and THE CARRIZO/COMECRUDO NATION OF TEXAS, INC., ) ) ) ) ) ) ) | |
| Plaintiffs ) ) | Civil Case No. 23-cv-01204 |
| v. ) ) | |
| FEDERAL AVIATION ADMINISTRATION and BILLY NOLEN, in his official capacity, ) ) ) ) | |
| Defendants. ) ) | |

**ANSWER**

Pursuant to Federal Rules of Civil Procedure 8 and 12, defendants Federal Aviation Administration ("FAA") and Polly Trottenberg, Acting Administrator of the FAA[1] (collectively "Defendants") hereby answer Plaintiffs' Complaint, ECF No. 3.  The numbered paragraphs and sections of this Answer correspond to the numbered paragraphs and sections of the Complaint.

**INTRODUCTION[2]**

1.     The allegations in this Paragraph constitute Plaintiffs' statement of the case, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

---

[1]     Ms. Trottenberg was designated as Acting Administrator on June 8, 2023.  Pursuant to Federal Procedure 25(d) she is automatically substituted as defendant in place of Mr. Nolen.

[2]     The headings in this Answer correspond to the major headings in the Complaint, and Defendants include them solely to provide convenient reference to the Complaint.  They do not form any part of the Answer.  To the extent the headings in the Complaint or the Answer include substantive allegations, Defendants deny them.

2.      Defendants admit that the FAA has Federal authority over the launching of commercial launch vehicles into space and licensed the SpaceX Starship/Super Heavy Launch Vehicle Program ("Starship Program") at Boca Chica, Texas.  Defendants deny the remaining allegations in this Paragraph.

3.      Defendants admit the FAA issued a Final Programmatic Environmental Assessment ("PEA") and Finding of No Significant Impact/Record of Decision ("FONSI/ROD") for the Starship Program on June 13, 2022, but deny that the FONSI/ROD "approved SpaceX's plan."  Defendants admit all remaining allegations in this Paragraph.

4.      Defendants admit the Starship/Super Heavy "holds up to 3,700 metric tons of liquid methane for propulsion."  Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

5.      Defendants admit that SpaceX undertook the first launch of the Starship/Super Heavy rocket on April 20, 2023, that the rocket exploded, that the launchpad was damaged, that SpaceX's current license does not permit a second launch of the Starship/Super Heavy, that the FAA has not yet withdrawn or modified the FONSI/ROD or announced plans to initiate a supplemental review process, and that SpaceX has indicated to Defendants that it intends to pursue further launches.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

6.      Defendants admit the SpaceX facility at Boca Chica is located close to a National Wildlife Refuge, two State Parks, a State Wildlife management Area, and a State Coastal Preserve.  Defendants further admit the "area surrounding the SpaceX facility at Boca Chica is a biologically diverse and essential habitat for many species."  Defendants lack information

sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

7.      Defendants admit that there have been explosions at Boca Chica over the last several years, fires attributable to SpaceX anomalies, and "debris spread" over surrounding land. Defendants deny the remaining allegations in this Paragraph.

8.      Defendants admit some SpaceX activities require the Cameron County Commissioners to close access to Boca Chica Beach.  Defendants deny the remaining allegations in this Paragraph.

9.      Defendants admit that a former Chief of Staff for the FAA's Office of Commercial Space Transportation initially communicated that the FAA planned on preparing a new environmental impact statement ("EIS") analyzing the Starship Program.  The allegations in the second sentence of this Paragraph purport to characterize the PEA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the PEA they are denied.  Defendants deny the remaining allegations in this Paragraph.

10.     Defendants deny the allegations in this Paragraph.

11.     Defendants deny the allegations in this Paragraph.

12.     Defendants deny the allegations in this Paragraph.

13.     Defendants deny the allegations in this Paragraph.

14.     The allegations in the last sentence of this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.  Defendants deny the remaining allegations in this Paragraph.

**JURISDICTION AND VENUE**

15.     Defendants admit that 28 U.S.C. § 1331 and 28 U.S.C. § 1346 confer jurisdiction on this Court to hear claims "arising under" the laws of the United States and against the United States.  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

16.     This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

**PARTIES**

**Plaintiffs**

17.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

18.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

19.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

20.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

21.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

22.     The first and third sentences in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants

4

deny the allegations.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

23.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

24.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

25.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

26.     Defendants deny the allegations in this Paragraph.

27.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

28.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

29.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

30.     Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence in this Paragraph, and therefore deny those allegations.  The remaining two sentences in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

31.     The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

32.     Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence in this Paragraph, and therefore deny those allegations.  The

remaining sentence in this Paragraph provides Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

33.    Defendants deny the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

34.    The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

35.    The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**<u>Defendants</u>**

36.    Defendants admit the allegations in this Paragraph.

37.    Defendants deny the allegations in the first sentence of this Paragraph. Defendants admit the remaining allegations in this Paragraph.

**LEGAL BACKGROUND**

**<u>The National Environmental Policy Act</u>**

38.    The allegations in this Paragraph purport to quote and/or characterize a Federal statute and regulation.  That statute and regulation are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

39.    The allegations in this Paragraph purport to quote and/or characterize a Federal statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

40.     Defendants admit that the U.S. Supreme Court issued *Robertson v. Methow Valley Citizens Council*, 490 US. 332 (1989).  Otherwise, the allegations in this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

41.     The allegations in this Paragraph purport to quote and/or characterize Federal regulations.  Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

42.     The allegations in this Paragraph purport to quote and/or characterize Federal regulations.  Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

43.     The allegations in this Paragraph purport to quote and/or characterize Federal statutes and regulations.  Those statutes and regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

44.     The allegations in this Paragraph purport to quote and/or characterize a Federal regulation.  That regulation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

45.     The allegations in this Paragraph purport to quote and/or characterize a Federal regulation.  That regulation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

46.     The allegations in this Paragraph purport to quote and/or characterize a Federal regulation.  That regulation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

47.     Defendants admit that the U.S. Supreme Court issued *Baltimore Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87 (1983).  Otherwise, the allegations in this Paragraph purport to quote and/or characterize Federal statutes.  Those statutes are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

48.     Defendants admit the U.S. Court of Appeals for the D.C. Circuit issued *New York v. Nuclear Regulatory Comm'n*, 681 F. 3d 471 (D.C. Cir. 2012).  Defendants admit the U.S. Court of Appeals for the D.C. Circuit issued *Sierra Club v. FERC*, 867 F. 3d 1357 (D.C. Cir. 2017).  Otherwise, the allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

49.     The allegations in this Paragraph purport to quote and/or characterize a Federal regulation.  That regulation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

50.     The allegations in this Paragraph purport to quote and/or characterize Federal regulations and guidance.  Those regulations and guidance are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

## The Administrative Procedure Act

51.     The allegations in this Paragraph purport to quote and/or characterize Federal statutes.  Those statutes are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

52.     The allegations in this Paragraph purport to quote and/or characterize a Federal statute.  That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

8

## FACTUAL BACKGROUND

### The Boca Chica Area

53.     Defendants admit that the SpaceX facility is located close to publicly owned conservation, park, and recreation lands including Boca Chica State Park, Brazos Island State Park, the Lower Rio Grande Valley National Wildlife Refuge, the South Bay Coastal Preserve, and the Las Palomas Wildlife Management Area (Boca Chica Unit).  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

54.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

55.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

56.     Defendants admit to the allegations in this Paragraph.

57.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

58.     Defendants admit the allegations in the first sentence of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

59.     Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

## The Environmental Impacts of the SpaceX Launch Program

60.     Defendants admit that FAA issued its Final PEA and FONSI/ROD on June 13, 2022.  The remaining allegations in this Paragraph purport to characterize the FONSI/ROD.  The FONSI/ROD is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

61.     Defendants lack information sufficient to form a belief as to the truth of the allegation in the first sentence of the Paragraph, and therefore deny the allegation.  Defendants admit the Starship/Super Heavy "holds up to 3,700 metric tons of liquid methane for propulsion."  Defendants deny the allegations in the remainder of this Paragraph.

62.     Defendants deny the allegations in this Paragraph.

63.     Defendants admit the allegations in the first sentence of this Paragraph and deny the allegations in the second sentence.

64.     Defendants deny the allegations in the first sentence of this Paragraph. Defendants admit that SpaceX undertook the first orbital launch of the Starship/Super Heavy rocket on April 20, 2023, that the rocket exploded, and that the launchpad was damaged. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

65.     Defendants admit that there have been explosions at Boca Chica over the last several years but lack information sufficient to form a belief as to the truth of the remainder of the allegations in this first sentence of this Paragraph, and therefore deny those allegations. Defendants deny the allegations in the second sentence of this Paragraph.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

66.     Defendants admit that there have been "fires attributable to SpaceX anomalies," and that other incidents "scattered debris onto Refuge managed lands."  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

67.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

68.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

69.     Defendants admit the Starship Program has "increased vehicle traffic." Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

70.     Defendants admit SpaceX's activities will lead to increased vehicular traffic. Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

71.     The allegations in this Paragraph purport to quote and/or characterize the PEA and FONSI/ROD.  The PEA and FONSI/ROD are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

72.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

73.     Defendants admit Boca Chica Beach is a "popular public beach" near the city of Brownsville, Texas.  Defendants lack information sufficient to form a belief as to the truth of the allegations in the second sentence of this Paragraph, and therefore deny those allegations. Defendants deny the remaining allegations in this Paragraph.

## FAA's Review of the SpaceX Launch Program

74.     The allegations in this Paragraph purport to quote and/or characterize Federal statutes and regulations.  Those statutes and regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

75.     Defendants admit the allegations in this Paragraph.

76.     Defendants admit that a former Chief of Staff for the FAA's Office of Commercial Space Transportation initially communicated that the FAA planned on preparing an EIS for the Starship/Super Heavy Launch Vehicle Program, and that SpaceX prepared an EA under the supervision of the FAA.  Defendants deny the remaining allegations in this paragraph.

77.     Defendants admit the allegations in this Paragraph.

78.     Defendants admit that they received many comments on the draft PEA. The remaining allegations in this Paragraph seek to characterize those comments, which are the best evidence of their contents. Defendants deny any allegations inconsistent with them.

79.     Defendants admit the first sentence of this Paragraph.  The remaining sentences purport to quote and/or characterize the FONSI/ROD.  The FONSI/ROD is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

80.     The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

81.     The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

82.     The allegations in this Paragraph purport to quote and/or characterize the PEA. The PEA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Further, the allegations in the last sentence of this Paragraph provide Plaintiffs' legal

conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

83.     The allegations in this Paragraph purport to quote and/or characterize the PEA. The PEA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

84.     Defendants deny the allegations in this Paragraph.

85.     The allegations in this Paragraph purport to quote and/or characterize the PEA. The PEA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

86.     Defendants deny the allegations in this Paragraph.

87.     Defendants deny the allegations in this Paragraph.

88.     The allegations in this Paragraph purport to quote and/or characterize the PEA. The PEA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

89.     Defendants deny the allegations in this Paragraph.

90.     Defendants deny the allegations in this Paragraph.

91.     Defendants deny the allegations in this Paragraph.

92.     Defendants deny the allegations in this Paragraph.

93.     Defendants admit the first sentence in this Paragraph.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

94.     Defendants admit that the FAA "included with the License a Written Re-evaluation of the Final PEA."  The remaining allegations in this Paragraph purport to quote

and/or characterize the Written Re-evaluation.  The Written Re-evaluation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

## FIRST CLAIM FOR RELIEF

95.     Defendants adopt by reference their responses to Paragraphs 1-94.

96.     Defendants admit the allegations in the first sentence of this Paragraph. Defendants also admit that the FONSI/ROD constituted the FAA's determination that the Starship Program was "consistent with NEPA."  The remaining allegations in this Paragraph purport to quote and/or characterize the FONSI/ROD.  The FONSI/ROD is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

97.     This Paragraph provides Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

98.     Defendants deny the allegations in this Paragraph.

99.     Defendants deny the allegations in this Paragraph.

100.    Defendants deny the allegations in this Paragraph.

101.    Defendants deny the allegations in this Paragraph.

102.    Defendants deny the allegations in this Paragraph.

103.    Defendants deny the allegations in this Paragraph.

## PRAYER FOR RELIEF

Sub-paragraphs "a" through "g," under the caption "Prayer for Relief," provide Plaintiffs' prayers for relief.  To the extent the Federal Rules of Civil Procedure or this Court require a response, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

14

## **GENERAL DENIAL**

All of the allegations in Plaintiffs' Complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied.

### **DEFENSES**

1.     Plaintiffs lack standing to assert the claims alleged in the Complaint.

2.     Plaintiffs fail to state a claim upon which relief can be granted.

3.     Plaintiffs have failed to exhaust their administrative remedies for some or all of their claims.

### **PRAYER**

For the foregoing reasons, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants such other and further relief that the nature of the case and justice requires.

Respectfully submitted this 30th day of June, 2023,

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*
Gregory M. Cumming (D.C. Bar No. 1018173)
Matthew P. Rand (N.Y. Bar No. 4937157)
Sarah R. Ruckriegle (D.C. Bar No. 1658781)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (office)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov

*Counsel for Defendants*