UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, AMERICAN BIRD CONSERVANCY, SURFRIDER FOUNDATION, SAVE RGV, and THE CARRIZO/COMECRUDO NATION OF TEXAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION and BILLY NOLEN, in his official capacity; <br><br> Defendants, <br><br> and <br><br> SPACE EXPLORATION TECHNOLOGIES CORPORATION, <br><br> Proposed Intervenor-Defendant. | Civil Action No. 1:23-cv-1204-CJN <br><br> **[PROPOSED] ANSWER TO PLAINTIFFS' COMPLAINT BY PROPOSED INTERVENOR-DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORPORATION** |

For its Answer to Plaintiffs' Complaint, Proposed Intervenor-Defendant Space Exploration Technologies, Corporation ("SpaceX") states as follows:

## INTRODUCTION

1. The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, SpaceX denies the allegations in Paragraph 1.

2. SpaceX denies the allegations in Paragraph 2.

3. The allegations in Paragraph 3 purport to characterize a "Final Programmatic Environmental Assessment" ("PEA"), "Finding of No Significant Impact/Record of Decision"

1

("FONSI/ROD"), and a "Commercial Space Transportation License" ("License"), which speak for themselves and therefore no response is required.

4.     SpaceX admits that Super Heavy is a powerful rocket that uses liquid methane for propulsion, and that launching rockets causes heat, noise, and light, but denies the remaining allegations in Paragraph 4.

5.     SpaceX admits that, on April 20, 2023, it conducted a test launch of Starship/Super Heavy in accordance with the License issued by the Federal Aviation Administration ("FAA"), and that the launch vehicle successfully lifted off and flew for several minutes before experiencing anomalies that resulted in the termination of the mission and safe destruction of the launch vehicle over the Gulf of Mexico. SpaceX admits that the concrete launch pad deck was damaged during the liftoff, spreading some debris and dust. The FAA is currently evaluating data related to this launch. SpaceX further admits that the FONSI/ROD has not been withdrawn or modified, and that SpaceX is working toward another launch of Starship/Super Heavy. SpaceX denies the remaining allegations in Paragraph 5.

6.     SpaceX denies the allegation that the ocelot occupies the area surrounding the Boca Chica launch site. SpaceX admits that publicly owned conservation, park, and recreation lands are in the Boca Chica area. SpaceX lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 and denies the same on that basis.

7.     SpaceX denies the allegations in Paragraph 7 regarding the effects of SpaceX's activities to the extent that the alleged effects differ from the effects discussed in the PEA prepared by the FAA. The final sentence of paragraph 7 purports to characterize a finding of the U.S. Fish and Wildlife Service, which speaks for itself and therefore no response is required. To the extent a response is required, SpaceX denies this allegation.

8. SpaceX denies the allegations in Paragraph 8.

9. SpaceX denies the allegation in Paragraph 9 that the FAA delegated decision-making under the National Environmental Policy Act ("NEPA") to SpaceX. The remaining allegations in Paragraph 9 constitute legal conclusions and/or purport to characterize documents associated with review under NEPA, which speak for themselves and therefore no response is required.

10. SpaceX denies the allegations in Paragraph 10.

11. SpaceX denies the allegations in Paragraph 11.

12. SpaceX denies the allegations in Paragraph 12.

13. SpaceX denies the allegations in Paragraph 13.

14. SpaceX denies the allegations in Paragraph 14.

## JURISDICTION AND VENUE

15. The allegations in Paragraph 15 state legal conclusions, which require no response.

16. The allegations in Paragraph 16 state legal conclusions, which require no response.

## PARTIES

### Plaintiffs

17. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and denies the same on that basis.

18. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and denies the same on that basis.

19. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and denies the same on that basis.

20. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 20 and denies the same on that basis.

21. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and denies the same on that basis.

22. SpaceX denies the allegations in the last sentence of Paragraph 22. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and denies the same on that basis.

23. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and denies the same on that basis.

24. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and denies the same on that basis.

25. SpaceX denies the allegation in Paragraph 25 that "species [] are imperiled by SpaceX activities." SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and denies the same on that basis.

26. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and denies the same on that basis.

27. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and denies the same on that basis.

28. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and denies the same on that basis.

29. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and denies the same on that basis.

30. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and denies the same on that basis.

31. SpaceX denies the allegations in the first and second sentences of Paragraph 31. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and denies the same on that basis.

32. SpaceX denies the allegations in the last sentence of Paragraph 32. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and denies the same on that basis.

33. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and denies the same on that basis.

34. SpaceX denies the allegations in Paragraph 34.

35. SpaceX denies the allegations in Paragraph 35.

## Defendants

36. SpaceX admits the allegations in the first and second sentences of Paragraph 36. The allegations in the third sentence of Paragraph 36 constitute legal conclusions to which no response is required.

37. SpaceX admits the allegations in the first sentence of Paragraph 37. The allegations in the second sentence of Paragraph 37 constitute Plaintiffs' characterization of their case, to which no response is required. The allegations in the third sentence of Paragraph 37 constitute legal conclusions to which no response is required.

## LEGAL BACKGROUND

### The National Environmental Policy Act

38. The allegations in Paragraph 38 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

39. The allegations in Paragraph 39 constitute legal conclusions and purport to

characterize legal authorities that speak for themselves, and therefore no response is required.

40. The allegations in Paragraph 40 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

41. The allegations in Paragraph 41 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

42. The allegations in Paragraph 42 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

43. The allegations in Paragraph 43 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

44. The allegations in Paragraph 44 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

45. The allegations in Paragraph 45 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

46. The allegations in Paragraph 46 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

47. The allegations in Paragraph 47 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

48. The allegations in Paragraph 48 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

49. The allegations in Paragraph 49 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

50. The allegations in Paragraph 50 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

### The Administrative Procedure Act

51. The allegations in Paragraph 51 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

52. The allegations in Paragraph 52 constitute legal conclusions and purport to characterize legal authorities that speak for themselves, and therefore no response is required.

### FACTUAL BACKGROUND

### The Boca Chica Area

53. SpaceX admits that publicly owned lands are in the Boca Chica area. SpaceX lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 53 and denies them on that basis.

54. SpaceX admits that the Lower Rio Grande Valley National Wildlife Refuge is near to the Boca Chica launch site. SpaceX lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 and denies them on that basis.

55. SpaceX admits that the Boca Chica tract of the Lower Rio Grande Valley National Wildlife Refuge provides habitat for migratory birds and has been used by Kemp's Ridley sea turtles. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and denies them on that basis.

56. SpaceX admits the allegation in Paragraph 56 that the U.S. Fish and Wildlife Service has designated some land in the Boca Chica area as critical habitat for piping plover. SpaceX denies the allegations that the referenced species "rely on" the area surrounding the Boca Chica launch site but aver that the referenced species other than the Gulf Coast jaguarundi and ocelots may use this area. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and denies them on that basis.

57.     SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and denies the same on that basis.

58.     SpaceX admits that Boca Chica State Park and Beach is a public beach on an approximately 8-mile stretch of the South Texas coast that offers recreational opportunities. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and denies them on that basis.

59.     SpaceX admits that the Laguna Atascosa National Wildlife Refuge is a wildlife refuge that provides wildlife habitat. SpaceX denies the allegation that this refuge is nearby the Boca Chica launch site. SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and denies the same on that basis.

**The Environmental Impacts of the SpaceX Launch Program**

60.     The allegations in Paragraph 60 purport to characterize the FONSI/ROD, which speak for themselves and therefore no response is required.

61.     SpaceX admits that Super Heavy is a powerful rocket that uses liquid methane for propulsion but denies the remaining allegations in Paragraph 61.

62.     SpaceX denies the allegations in Paragraph 62 regarding the effects of SpaceX's activities to the extent that the alleged effects differ from the effects discussed in the PEA prepared by the FAA.

63.     SpaceX admits that it has operated a rocket launch program at Boca Chica since 2014 under a permit issued by the FAA. SpaceX denies the remaining allegations in Paragraph 63.

64.     SpaceX admits the allegations in Paragraph 64 that, on April 20, 2023, it conducted a test launch of Starship/Super Heavy in accordance with the License, and that the launch vehicle successfully lifted off and flew for several minutes before experiencing anomalies that resulted in

the termination of the mission and safe destruction of the rocket over the Gulf of Mexico. SpaceX admits that the concrete launch pad deck was damaged during the liftoff, spreading some debris and dust. The FAA is currently evaluating data related to this launch. SpaceX denies the remaining allegations in Paragraph 64.

65. SpaceX denies the allegations in the first sentence of Paragraph 65. The remaining allegations purport to characterize the PEA, which speaks for itself and therefore no response is required. To the extent a response is required, SpaceX denies the allegations in Paragraph 65 regarding the effects of SpaceX's activities to the extent that the alleged effects differ from the effects discussed in the PEA prepared by the FAA.

66. SpaceX admits the that that early developmental testing activities resulted in fires and some "scattered debris," none of which had a significant impact. SpaceX denies the other allegations in Paragraph 66.

67. SpaceX admits the allegations in Paragraph 67 that retrieving debris can impact land, as discussed in the PEA prepared by the FAA. SpaceX denies allegations inconsistent with that discussion and avers that impacts from debris retrieval have been insignificant.

68. The allegations in Paragraph 68 purport to characterize a finding of the U.S. Fish and Wildlife Service, which speaks for itself and therefore no response is required. To the extent a response is required, SpaceX denies these allegations.

69. SpaceX denies the allegations in Paragraph 69 regarding the effects of SpaceX's activities.

70. SpaceX denies the allegations in the first and third sentences of Paragraph 70. The remaining allegations purport to characterize the PEA, which speaks for itself and therefore no response is required. To the extent a response is required, SpaceX denies these allegations.

71.     The allegations in Paragraph 71 purport to characterize the PEA, which speaks for itself and therefore no response is required.

72.     SpaceX denies the allegations in the first sentence of Paragraph 72. The remaining allegations purport to characterize the referenced notices, which speak for themselves and therefore no response is required.

73.     SpaceX admits that Boca Chica State Park and Beach is a public beach on an approximately 8-mile stretch of the South Texas coast but denies the other allegations in the first and third sentences of Paragraph 73 regarding the effects of SpaceX's activities to the extent that the alleged effects differ from the effects discussed in the PEA prepared by the FAA. The allegations in the second sentence of Paragraph 73 constitute legal conclusions to which no response is required.

## FAA's Review of the SpaceX Launch Program

74.     The allegations in Paragraph 74 constitute legal conclusions to which no response is required.

75.     The allegations in the first sentence of Paragraph 75 purport to characterize an Environmental Impact Statement and permit, which speak for themselves and therefore no response is required. SpaceX admits that SpaceX sought the FAA's approval to launch Starship/Super Heavy from the Boca Chica launch site and SpaceX proposed to make certain improvements to the launch site.

76.     The allegations in the first sentence of Paragraph 76 purport to characterize an email, which speaks for itself and therefore no response is required. SpaceX denies the allegation in the second sentence of Paragraph 76.

77.     SpaceX admits the allegations in Paragraph 77.

78. The allegations in Paragraph 78 purport to characterize comment letters, which speak for themselves and therefore no response is required.

79. The allegations in Paragraph 79 purport to characterize the PEA and FONSI/ROD, which speak for themselves and therefore no response is required.

80. The allegations in the first sentence of Paragraph 80 constitute legal conclusions, which speak for themselves and therefore no response is required. To the extent a response is required, SpaceX denies the allegations. SpaceX denies the remaining allegations in Paragraph 80.

81. SpaceX denies the allegations in Paragraph 81.

82. SpaceX denies the allegations in Paragraph 82.

83. The allegations in Paragraph 83 purport to characterize the PEA, which speaks for itself and therefore no response is required.

84. The allegations in Paragraph 84 purport to characterize the PEA, which speaks for itself and therefore no response is required.

85. The allegations in Paragraph 85 purport to characterize the PEA, which speaks for itself and therefore no response is required. SpaceX denies the allegation that it suggested Kennedy Space Center as a site alternative.

86. The allegations in the first two sentences of Paragraph 86 purport to characterize the PEA, which speaks for itself and therefore no response is required. SpaceX denies the remaining allegations in Paragraph 86.

87. SpaceX denies the allegations in Paragraph 87.

88. The allegations in Paragraph 88 purport to characterize the PEA, which speaks for itself and therefore no response is required. SpaceX admits that the concrete launch pad deck was damaged during the liftoff, spreading debris and dust. The FAA is currently evaluating data related

to this launch. To the extent a response is required, SpaceX denies all remaining allegations.

89. The allegations in Paragraph 89 purport to characterize the PEA, which speaks for itself and therefore no response is required. To the extent a response is required, SpaceX denies the allegations.

90. SpaceX admits the allegations in the second and third sentences of Paragraph 90 that commodity gasses and liquids are kept at the Boca Chica launch site but denies that there is any significant impact or risk from storing them there. SpaceX lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the fourth sentence of Paragraph 90 and denies the same on that basis. The remaining allegations in Paragraph 90 purport to characterize the PEA and a map, which speak for themselves and therefore no response is required. To the extent a response is required, SpaceX denies the allegations.

91. The allegations in Paragraph 91 purport to characterize the PEA, which speaks for itself and therefore no response is required. To the extent a response is required, SpaceX denies the allegations.

92. SpaceX denies the allegation that the only way to access Boca Chica Beach is Texas State Highway 4. The remaining allegations in Paragraph 92 purport to characterize the PEA, which speaks for itself and therefore no response is required. To the extent a response is required, SpaceX denies the allegations.

93. SpaceX admits that the FAA issued SpaceX the License on April 14, 2023. SpaceX further admits that it is working toward another launch of Starship/Super Heavy. SpaceX denies the remaining allegations in Paragraph 93.

94. The allegations in the first sentence of Paragraph 94 purport to characterize the Written Re-evaluation of the Final PEA, which speaks for itself and therefore no response is

required. The remaining allegations in Paragraph 94 constitute legal conclusions to which no response is required.

## FIRST CLAIM FOR RELIEF

95. Responses to Paragraphs 1-94 are incorporated by reference.

96. The allegations in Paragraph 96 constitute legal conclusions and purport to characterize legal authorities and NEPA documents that speak for themselves and therefore no response is required.

97. SpaceX denies the allegations in Paragraph 97.

98. SpaceX denies the allegations in Paragraph 98.

99. SpaceX denies the allegations in Paragraph 99.

100. SpaceX denies the allegations in Paragraph 100.

101. SpaceX denies the allegations in Paragraph 101.

102. SpaceX denies the allegations in Paragraph 102.

103. SpaceX denies the allegations in Paragraph 103.

## PRAYER FOR RELIEF

104. The remainder of Plaintiffs' Complaint consists of the Prayer for Relief, which requires no response. To the extent a response is required, SpaceX denies that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

105. SpaceX denies every allegation of Plaintiffs' Complaint not otherwise expressly admitted, qualified, or denied.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c) and 12(b), SpaceX sets forth the following defenses.

106. Plaintiffs have failed to state a claim upon which relief may be granted.

107. Plaintiffs are barred from presenting some or all of their claim by waiver or failure to exhaust administrative remedies.

108. Plaintiffs' claim is barred in whole or in part under the doctrine of laches.

109. Plaintiffs have failed to establish standing.

110. SpaceX may have other and additional affirmative defenses about which it may be currently unaware and reserves the right to assert such affirmative defenses.

For the foregoing reasons, SpaceX respectfully requests that that the Court deny Plaintiffs' requests for relief, dismiss the Complaint with prejudice, enter judgment for SpaceX and Federal Defendants, and grant such other relief as may be appropriate.

Dated: June 30, 2023

Respectfully submitted,

/s/ Tyler G. Welti
Tyler G. Welti (D.C. Bar No. 1015691)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
tgwelti@venable.com
Phone: 415-653-3714
Fax: 415-653-3755

Kathryn K. Floyd (D.C. Bar No. 411027)
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, DC 20001
kkfloyd@venable.com
Phone: 202-344-4000
Fax: 202-344-8300

*Counsel for Proposed Intervenor-Defendant Space Exploration Technologies Corp.*