UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>*Plaintiffs*<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION, *et al.*,<br><br>*Defendants*<br><br>and<br><br>SPACE EXPLORATION TECHNOLOGIES CORP.<br><br>*Defendant-Intervenor.* | Civil Case No. 23-1204 |

### STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Pursuant to Civil Rule 5.1 of the Rules of the United States District Court for the District of Columbia ("LCvR") and the agreement of the parties, the Court having determined that there is good cause to issue this Stipulated Protective Order Regarding Confidential Information ("**Protective Order**") under Fed. R. Civ. P. 26(c) governing the disclosure, use, and handling of certain documents and information throughout this action, IT IS HEREBY ORDERED as follows:

A. <u>Purpose</u>

1. Pursuant to Local Rule 7(n), on September 29, 2023, Defendants will file with the Court the certified index of the Administrative Record in this action. *See* July 25, 2023 Minute Order. The certified index and the Administrative Record include, among other things, information identified as confidential for one or more of the reasons discussed below. Defendants

will provide a copy of the Administrative Record to Plaintiffs and Defendant-Intervenor with certain documents or portions of documents redacted, in part or in full, where the information in those documents has been identified as confidential because it contains confidential business information or information protected by national security regulations or other laws.

    2. The Parties seek to enable counsel for Plaintiffs to access those portions of the Administrative Record necessary and relevant to their claims, and not for other purposes. To the extent that, after reviewing the redacted Administrative Record, counsel for Plaintiffs finds that any redactions prevent Plaintiffs from adequately litigating their claims, the Protective Order provides for production of the un-redacted Administrative Record or portions thereof to counsel for Plaintiffs, as described in Section D below.

    3. The Protective Order also provides any Party the ability to challenge the designation of certain documents or portions of documents as Confidential Information, as provided in Section D below.

    4. Finally, to the extent reference to Confidential Information is necessary to litigate the claims in this matter, the Protective Order provides for filing any documents containing Confidential Information under seal, including, if necessary, the Administrative Record Appendix. *See* LCvR 7(n)(2).

    B. <u>Definitions and Scope</u>

    1. "Party" means a party to this action (including Defendant-Intervenor) and all of its officers, directors, and employees.

    2. "Confidential Information" means information that is designated confidential because of a reasonable, good faith belief that the information is not in the public domain (or, if in the public domain, is improperly in the public domain) and is: (a) personal financial, medical, or

other private information relating to an individual that properly would be redacted from any public court filing pursuant to Local Rule 5.4(f); (b) a trade secret or other confidential business or commercial information; (c) cultural, historical, or archeological information protected from Disclosure under the National Historic Preservation Act, 54 U.S.C. § 307103, or the Archaeological Resources Protection Act, 16 U.S.C. § 470hh; (d) source selection or proprietary information; or (e) information protected under the United States' export laws, statutes, and regulations, including the Arms Export Control Act, as amended, 22 U.S.C. § 2751-2999, the International Traffic in Arms Regulations, as amended, 22 C.F.R. Parts 120-130, the Export Administration Act, as amended, 50 U.S.C. §§ 2401-2420, and the U.S. Export Administration Regulations, as amended, 15 C.F.R. § 730, *et seq*. (collectively, "**U.S. Export Control Laws**").

      3. "Disclose" (or forms thereof) means to publicly distribute, provide, or otherwise make available to the public for access, viewing, or copying (including by summarizing, paraphrasing, or characterizing) a document or the information contained within it.

      4. This Protective Order applies to all proceedings in this action. This Protective Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

      5. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed upon a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

      6. This Protective Order shall not prejudice any Party's ability to challenge the use or Disclosure of information not designated as Confidential Information. A Party's compliance with the terms of this Protective Order shall not operate as an admission that any material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence in any proceeding in this case.

7. The Parties will not Disclose Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek leave from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

8. Any Confidential Information contained or materially reproduced in any pleading or other document filed publicly and without redaction by Defendant-Intervenor shall cease to be Confidential Information except that a Party's inadvertent Disclosure of or failure to designate Confidential Information shall not waive the confidentiality of such documents and information.

9. This Protective Order applies only to Disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

10. Neither the termination of this action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

11. Any Party may at any time seek to modify this Protective Order by agreement of all Parties or, failing agreement, by motion to the Court.

C. Method for Designating Confidential Information

1. Initial designations of Confidential Information shall be made at the time of filing the certified index of the Administrative Record and providing the initial contents of the Administrative Record to Plaintiffs and Defendant-Intervenor. Documents containing Confidential Information will be identified in the Administrative Record index as "Confidential" and un-redacted documents containing Confidential Information will be marked "***Confidential/Subject to Protective Order***." The index shall include a description indicating the contents of each document.

2. Designations of Confidential Information should be limited only to those documents or portions of documents that qualify under the appropriate standards or under the definition of Confidential Information in Paragraph B.2 above.

3. For any other document identified, shared, or produced in this action not falling within Paragraph C.1 above (*i.e.*, documents not included in the Administrative Record), Confidential Information shall be designated by labeling the document as "***Confidential/Subject to Protective Order***" on the header of each page of the document.

4. A Party's inadvertent Disclosure of or failure to designate Confidential Information shall not waive the confidentiality of such documents and information, provided a Party appropriately moves for the designation of such documents or information as Confidential Information in keeping with the procedures in Section D below.

D. <u>Challenging Confidential Designations and Production of Revised Administrative Record.</u>

1. A Party (*i.e.*, Plaintiffs or Defendant-Intervenor) shall challenge the propriety of a Confidential Information designation (either the lack of designation of information as Confidential Information or the designation of information as such) within 42 days of the date of filing of the certified index of the Administrative Record. Specifically, Plaintiffs shall inform all Parties in writing whether: (1) access to un-redacted versions of the Confidential Information in the Administrative Record is necessary to the prosecution of Plaintiffs' claims in this matter and shall list the needed documents or portions of documents; or (2) whether documents labeled as Confidential Information on the Administrative Index should not be identified as such, and thus should not be subject to this Protective Order. Alternatively, Defendant-Intervenor shall inform all Parties in writing whether un-redacted documents or portions thereof in the Administrative

Record should be designated as Confidential Information and shall list any documents or portions of documents it believes should be so designated.

      2.  The Parties shall attempt to resolve each challenge in good faith and must begin a meet-and-confer process within 7 days after all Parties receive notice.  During the meet-and-confer process, the challenging Party must explain its basis for the challenge, and all Parties must have an opportunity to review the applicable documents in un-redacted form prior to Defendants determining whether to change the designation.  Defendants must communicate their decision to all Parties within 14 days after receipt of notice of the challenge.

      3.  If all Parties cannot come to a resolution within the time set forth in Paragraph D.2 above, Plaintiffs or Defendant-Intervenor may file a motion seeking a determination from the Court.

      4.  Until the conclusion of the 42-day period in Paragraph D.1 above, the Parties shall treat the entirety of the contents of the initial Administrative Record, aside from those documents previously made publicly available, as Confidential Information, regardless of any designation or lack thereof.

      5. Any information designated as Confidential Information shall be treated as Confidential Information until such time as: (a) the Parties agree that it shall no longer be treated as Confidential Information; or (b) the Court rules that such information should not be treated as Confidential Information.

      6. Similarly, any information not initially designated by Defendants as Confidential Information but that a Party subsequently requests be designated as such shall be treated as Confidential Information unless (a) the Parties agree that it shall not be treated as Confidential

Information; or (b) the Court rules that such information should not be treated as Confidential Information.

7. In the event Plaintiffs are provided copies of previously redacted Confidential Information, Defendants and Defendant-Intervenor will work cooperatively to enable Plaintiffs to access the Confidential Information in a manner in keeping with all relevant requirements of the provisions noted in Paragraph B.2, and consistent with Defendant and Defendant-Intervenor's obligations to ensure the confidentiality of that material irrespective of the terms of this Protective Order.

8. Plaintiffs agree that, in the event the designations in the initial Administrative Record change because of the Parties' agreement following the review period or any challenge under Section D, they will delete and not rely on the initial version of the Administrative Record.

9. In accessing Confidential Information, the Parties agree that they will abide by all applicable legal requirements, including that:

   a. All Confidential Information shall be maintained under the direct control of counsel;

   b. Counsel will maintain all Confidential Information in a manner appropriate to ensure confidentiality of such information and consistent with the requirements of all U.S. Export Control Laws;

   c. Counsel will ensure that all Confidential Information containing information protected under the U.S. Export Control Laws is managed in a manner that is consistent with U.S. Export Control Laws. Counsel will ensure that such Confidential Information is stored by counsel and permitted recipients on local network servers in the United States and that only those who are U.S. Persons as

that term is defined in 22 C.F.R. § 120.15 can access such information and servers. Counsel will ensure that Confidential Information is not saved to, backed-up on, or otherwise transmitted to servers that are part of any "cloud," regardless of whether the cloud servers are owned or hosted by the U.S. government, a commercial company, or another individual or entity. If counsel becomes aware that Confidential Information has been accessed, stored, or transmitted in violation of these terms they shall immediately notify all other Parties ; and

    d. Plaintiffs will access and use the Confidential Information solely for purposes of this litigation.

10. Documents designated as Confidential Information which were previously redacted in whole or in part that are subsequently produced in un-redacted form in whole or in part to Plaintiffs shall be marked by Defendant as "***Confidential/Subject to Protective Order***" on the header of each page of the document prior to production to Plaintiffs and Defendant-Intervenor.

11. Within 14 days after a designation is withdrawn or added pursuant to the process in Section D, Defendants must provide all Parties with replacement documents making the changes at issue. The replacement documents shall be provided in the same format as the documents being replaced. Defendants will also file a revised Administrative Record index with the Court indicating the revised document classification to be used in the litigation going forward.

    E. <u>Disclosure, Use, and Handling of Confidential Information</u>

    1. A Party may use Confidential Information only for prosecuting, defending, or attempting to settle this action, and shall Disclose such Confidential Information only in accordance with the terms of this Protective Order.

2. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

3. Confidential Information only may be Disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons, except that, consistent with Paragraph D.9, only U.S. Persons as that term is defined in 22 C.F.R. § 120.15 can access all Confidential Information containing information protected under the U.S. Export Control Laws:

   a. Counsel representing the Parties in this action, including associated personnel necessary to assist counsel in this action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Any person with prior authorized access to the Confidential Information;

   c. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in this action;

   d. Photocopying, data processing, and other support services that are reasonably necessary litigating this action;

   e. This Court, including any judicial officer to whom this Court may refer this matter for settlement purposes, and its personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this action.

4. Individuals falling within Paragraphs E.3.a-d may be provided with copies of un-redacted Confidential Information pursuant to Section D only after they have reviewed this

Protective Order and executed the certification attached as Exhibit A. Counsel will maintain all such signed certifications.

5. United States Department of Justice and Federal Government personnel are automatically subject to the terms of this Protective Order and may access, view, and copy Confidential Information for any purpose specifically and directly related to this litigation without further action.

6. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from Disclosing it to any person except in conformance with this Protective Order.

7. Any Party filing Confidential Information, including in the Administrative Record Appendix pursuant to LCvR 7(n) or any other filing, shall seek leave of the Court to file documents electronically under seal or redacted in accordance with Local Civil Rules 5.1(h), 5.4(e).

8. If a Party or anyone subject to this Protective Order receives a subpoena or other legal request seeking Confidential Information (*e.g.*, an un-redacted copy of the Administrative Record), the Party or such individual promptly shall notify all Parties and shall not Disclose any Confidential Information until Defendants and Defendant-Intervenor have had a reasonable opportunity to inform the subpoenaed person either that it: (a) does not object to the production of the Confidential Information; or (b) will seek appropriate relief or protection from the proper court to prevent its production. The objecting Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

  F. <u>Non-Waiver and Disclosure of Confidential Information and Privilege</u>

   1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any document or information.

   2. Pursuant to Federal Rule of Evidence 502(d), a Party's Disclosure in connection with this action of any communication, document, or information protected by the attorney-client privilege, work-product doctrine, deliberative process privilege, or another applicable privilege or protection from discovery shall not waive such privilege in this action or in any other federal or state court action.

   3. If a Party, or a person to whom a Party has Disclosed Confidential Information in accordance with this Protective Order, Discloses Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Party shall, upon learning of the unauthorized Disclosure: (a) promptly notify the person to whom the unauthorized Disclosure was made that the unauthorized Disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized Disclosures of the Confidential Information, including requesting that the person who received the unauthorized Disclosure agree to be bound by the terms of this Protective Order by executing the certification attached as Exhibit A; and (c) within 7 days, notify all other Parties of the identity of the person to whom the unauthorized Disclosure was made, the circumstances surrounding the Disclosure, and the steps taken to prevent any use or further Disclosure of the Confidential Information that was the subject of the unauthorized Disclosure.  The Court shall be notified of any breaches that cannot be resolved by the Parties.

G.  <u>Disposition of Documents Containing Confidential Information</u>

1.  This Protective Order shall continue to govern the Disclosure, use, and handling of Confidential Information after the final disposition of this action, unless and until Defendants agree otherwise in writing or a court order directs.

2.  Except as provided in this Protective Order, within 90 days of the final termination of this action, whether by settlement, judgment, or other disposition or conclusion, and all appeals or opportunities to appeal therefrom, a Party shall take reasonable steps to either: (a) destroy or delete all Confidential Information or (b) return all Confidential Information to Defendants. A Party also shall take reasonable steps to notify persons to whom it distributed Confidential Information that such information should be returned to the Party or destroyed by the person possessing the information, with written confirmation provided to the Party.

3.  Counsel of record may retain work product of counsel and retained consultants and experts that contains or reflects Confidential Information in accordance with the provisions of this Protective Order.  Such material shall remain clearly marked to reflect that it contains Confidential Information.

4.  Counsel of record also may retain copies of pleadings and other documents filed with the Court; affidavits, correspondence, and legal memoranda; hearing exhibits and transcripts; and any other parts of the record that contain or reflect Confidential Information in accordance with the provisions of this Protective Order.  Such material shall remain clearly marked to reflect that it contains Confidential Information.

5.  Attorneys for the United States may retain copies of any documents containing or constituting Confidential Information, and any notes or summaries reflecting Confidential

Information, in their case files, subject to the Federal Records Act, 44 U.S.C. § 3101, *et seq.*, and the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*

H. <u>Maintaining Filed Documents Under Seal</u>

1. The Court will maintain properly marked documents containing Confidential Information under seal throughout this litigation.

TODD KIM
Assistant Attorney General

<u>/s/ *Gregory M. Cumming*</u>
Gregory M. Cumming (D.C. Bar No. 1018173)
Matthew P. Rand (N.Y. Bar No. 4937157)
Sarah R. Ruckriegle (D.C. Bar No. 1658781)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (office)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov

*Counsel for Defendants*


<u>/s/ *Jared Margolis*</u>
Jared Margolis
Center for Biological Diversity
2852 Willamette Street
P.O. Box 171
Eugene, OR 97405
802-310-4054
Email: jmargolis@biologicaldiversity.org

*Counsel for Plaintiffs*

<u>/s/ *Tyler Guy Welti*</u>
Tyler Guy Welti
VENABLE LLP
101 California Street
Suite 3800
San Francisco, CA 94111

415-653-3750
Email: TGWelti@venable.com

*Counsel for Defendant-Intervenor*

IT IS SO ORDERED this _____ day of _____ 2023.

_____
HONORABLE CARL J. NICHOL