**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | ) ) ) |
| *Plaintiffs* | ) ) |
| v. | ) ) |
| FEDERAL AVIATION ADMINISTRATION, *et al.*, | ) Civil Case No. 23-1204 ) ) |
| *Defendants* | ) ) |
| and | ) ) |
| SPACE EXPLORATION TECHNOLOGIES CORP., | ) ) ) |
| *Defendant-Intervenor.* | ) ) |

**PLAINTIFFS' MOTION FOR LEAVE TO**
**FILE A SUPPLEMENTAL COMPLAINT**

**INTRODUCTION**

Plaintiffs respectfully move the Court for leave to allow Plaintiffs to file the proposed Supplemental Complaint attached hereto as Exhibit A. Pursuant to Federal Rule of Civil Procedure 15(d), the Court may permit a party to file supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented...." Here, events occurred after the filing of the initial Complaint on May 1, 2023, that warrant the filing of supplemental pleadings.

First, on November 15, 2023, Defendant FAA issued a new/amended launch license permitting the second launch of the Starship/Superheavy rocket from the SpaceX facility at Boca

Chica, along with a "written reevaluation" which determined that no supplemental analysis was required pursuant to the National Environmental Policy Act (NEPA). Thus, even though the April 20, 2023, launch of the Starship/Superheavy rocket resulted in the explosion of the launch pad—which was not considered in the 2022 Programmatic Environmental Assessment (PEA)—causing significant environmental harm and requiring 63 corrective actions before SpaceX could apply for a license to launch additional rockets, Defendants decided that no supplemental NEPA analysis is necessary to take the requisite "hard look" at the environmental impacts of the April 20 launch and the subsequent changes made to the Starship/Superheavy Launch Program as a result of that event, as NEPA and the FAA's regulations require. *See* 40 CFR § 1502.9(c)(1); FAA Order 1050.1F at 9-3.

Second, as a result of the April 20 explosion, the FAA reinitiated consultation with the U.S. Fish and Wildlife Service (FWS) pursuant to Section 7 of the Endangered Species Act (ESA), which requires all federal agencies to consult with FWS to "insure" that their actions do not jeopardize federally listed species or impair their critical habitats. 16 U.S.C. § 1536(a)(2). On November 14, 2023, FWS issued an "addendum" to its 2022 Biological Opinion for the Starship/Superheavy launch program, which analyzed the potential impacts of the use of a deluge water system on the listed species and critical habitat surrounding the launch site. However, FWS's addendum failed to address the harm to protected wildlife and critical habitat from the April 20 explosion and the efforts to recover thousands of chunks of concrete and metal from sensitive tidal flat habitat, which listed species depend on. Nor did FWS analyze whether the changes made to the launch program would be sufficient to prevent future explosions and further harm. Therefore, FWS' review was arbitrary and capricious, in violation of the Administrative

Procedures Act. 5 U.S.C. § 706(2)(A), and a supplemental complaint is warranted to add FWS as a defendant in this matter.

Plaintiffs therefore move to allow the filing of the Supplemental Complaint so that the Court may consider Plaintiffs' supplemental pleadings regarding these legal violations.

Plaintiffs' counsel contacted counsel for the parties regarding their position on this motion. Defendants take no position on the motion, and Defendant-Intervenor intends to oppose the motion.

## ARGUMENT

Rule 15(d) allows the Court, "[o]n motion and reasonable notice[1] . . . [and] on just terms, [to] permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Specifically, "Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief [or] to put forward new claims or defenses based on events that took place after the original complaint or answer was filed...." *Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (quoting *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002)). In this way, Rule 15(d) serves to "promote as complete an adjudication of the dispute between the parties as is possible." *Competitive Enter. Inst. v. McCarthy*, 2021 U.S. Dist. LEXIS 263622, *6-7, 2021 WL 9937858 (D.D.C. 2021) (quoting Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.)).

"Various courts have concluded that 'requiring [a] plaintiff to go through the needless formality and expense of instituting a new action when events occurring after the original filing

---

[1] Plaintiffs provided notice of their intent to file a supplemental complaint to Defendants and Defendant-Intervenor several weeks ago, as set forth in the Joint Status Report dated November 27, 2023. *See* ECF No. 26.

indicated he had a right to relief [is] inconsistent with the philosophy of the federal rules.'"

*Franks v. Ross*, 313 F.3d 184, 198 (4th Cir. 2002) (quoting 6A Charles Alan Wright & Arthur R.

Miller, Federal Practice and Procedure § 1505 (2d ed. 1990)). Thus, Rule 15(d) motions "should

be 'freely granted when doing so will promote the economic and speedy disposition of the entire

controversy between the parties, will not cause undue delay or trial inconvenience, and will

not prejudice the rights of any of the other parties to the action.'" *Cause of Action Inst. v. DOJ*,

282 F. Supp. 3d 66, 72 (D.D.C. 2017) (quoting *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006)).[2]

"It is the opposing party's burden to demonstrate why leave should not be granted." *Lannan*

*Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017).

Here, a supplemental complaint is warranted to put forward new claims based on events

that took place after the original Complaint was filed on May 1, 2023. FAA has completed its

review of the April 20 launch event, which resulted in the explosion of the launch pad, ejecting

concrete and metal thousands of feet into the surrounding lands—including sensitive tidal flats

and other areas that are habitat for migratory birds including ESA-listed species. FAA accepted

SpaceX's August 2023 mishap investigation report, and closed the investigation on September 7,

2023, requiring 63 corrective actions before SpaceX could apply for a license to launch

additional rockets. On November 15, 2023, FAA issued a new/amended launch license to

SpaceX, allowing for the second launch of the Starship/Superheavy rocket, which took place just

3 days later. On November 15, FAA also issued a "Written Reevaluation," which found that no

supplemental Environmental Assessment or Environmental Impact Statement was required to

consider the significant environmental impacts of the April 20 explosion or the changes made to

---

[2] Courts typically treat motions to supplement under Rule 15(d) and motions to amend
under Rule 15(a) equally. *See, e.g., Banner Health v. Burwell*, 55 F. Supp. 3d 1, 8 n.9 (D.D.C.
2014).

the launch program—or provide an opportunity for public comment—before it permitted the second launch.

While Plaintiffs' initial Complaint discussed the need for a supplemental analysis under NEPA to consider the impacts of the explosion that occurred when SpaceX first launched the Starship/Superheavy rocket on April 20, 2023, a claim under NEPA regarding the need for supplemental review became ripe once the agency subsequently issued the new/amended license and Written Reevaluation on November 15, 2023. Thus, a supplemental complaint is warranted so that Plaintiffs may put forward a new claim for relief regarding Defendants' failure to comply with NEPA when issuing the new/amended license.

Supplementation is further warranted to add a claim against FWS regarding events that took place after the original complaint was filed. As discussed above, on November 14, 2023, FWS issued an addendum to the Biological Opinion that failed to address the harm from the April 20 explosion and the efforts to recover thousands of chunks of concrete and metal from sensitive tidal flat habitat. FWS further failed to address excessive noise and vibrations from the April 20 launch, including reports that noise levels were well in excess of what was previously contemplated. Nor did FWS consider whether the changes made to the launch program as a result of the April 20 explosion would be sufficient to prevent future harm. Thus, a supplemental complaint is warranted so that Plaintiffs may add a claim against FWS for its arbitrary and capricious review in the November 14 BiOp addendum. *See* 5 U.S.C. § 706(2)(A).[3]

The Court should therefore exercise its discretion and allow Plaintiffs to file the proposed Supplemental Complaint. Filing a new action would be a needless formality and inefficient use

---

[3] Pursuant to the Supreme Court's decision in *Bennet vs. Spear*, 520 U.S. 154 (1997), claims against FWS regarding its review in a biological opinion are brought pursuant to the Administrative Procedures Act, and are not ESA citizen suit claims.

of resources. Furthermore, allowing Plaintiffs to file the Supplemental Complaint will not cause undue delay or prejudice the other parties. This matter has not been briefed, and any delay to the briefing schedule is warranted to allow the related claims to be briefed at the same time, promoting the speedy disposition of this matter.

## CONCLUSION

For the foregoing reasons, the Court should permit Plaintiffs to file the Supplemental Complaint.

Respectfully submitted this 15th day of December, 2023,

/Jared Margolis
Jared M. Margolis (*pro hac vice*)
Center for Biological Diversity
2852 Willamette St. # 171
Eugene, OR 97405
Tel: (802) 310-4054
Email: jmargolis@biologicaldiversity.org
*Counsel for Plaintiffs*