# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | )<br>)<br>)<br>) |
| *Plaintiffs* | )<br>) |
| v. | )<br>) |
| FEDERAL AVIATION ADMINISTRATION, *et al.*, | ) Civil Case No. 23-1204<br>)<br>) |
| *Defendants* | )<br>) |
| and | )<br>) |
| SPACE EXPLORATION TECHNOLOGIES CORP., | )<br>)<br>) |
| *Defendant-Intervenor.* | )<br>) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

While Defendants the Federal Aviation Administration ("FAA") and Michael Whitaker, in his official capacity as FAA Administrator (collectively "the FAA") do not in principle oppose Plaintiffs' efforts to amend their lawsuit to clarify certain allegations and add others, Plaintiffs' current attempt to do so via a supplemental complaint will only confuse the issues and decrease the ability of the Parties to efficiently litigate this lawsuit. As such, and for the three reasons below, the FAA submits that Plaintiffs should instead re-file their request as one to *amend* the existing Complaint.[1]

---

[1] Alternatively, the Court could simply grant Plaintiffs' motion in part and order Plaintiffs to file an amended complaint (along with a redline indicating changes from the current Complaint).

First, Plaintiffs confuse the issue by claiming that the choice is between them filing a new action and supplementing their existing Complaint (ECF No. 27 at 3). But the FAA does not contend Plaintiffs should be required to file a new action based on the facts alleged in the proposed supplemental complaint; instead, the proper question is whether *amending* the existing Complaint would be more efficient than *supplementing*. *See Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017) ("[T]he decision to grant leave to supplement a pleading under Rule 15(d) is discretionary and may be granted *where it serves the interests of judicial economy and convenience*.") (emphasis added). Here, where Plaintiffs seemingly wish to add one new claim against the U.S. Fish and Wildlife Service ("FWS") and its Director, wholly new federal agency defendants, and clarify another claim against FAA that is already pled in the original Complaint, amendment is the better way forward to avoid potential confusion and resulting prejudice to Defendants about the specific claims and final agency actions Plaintiffs intend to put at issue. *See Doe v. Butte Cnty. Probation Dep't*, No. 20-2248, 2022 WL 705616, at *5 (E.D. Cal. Mar. 9, 2022) (noting "that it would be inefficient to permit a two-part operative complaint and multiple pending motions to dismiss" and instead requiring that "Plaintiffs file an amended complaint . . . that integrates the operative Complaint and the proposed supplemental complaint"); *see also* LCvR 15.1 (requiring that a motion to amend a pleading include "as an exhibit, a copy of the proposed pleading as amended").

To that end, while the cases Plaintiffs cite correctly convey the standard of review under Fed. R. Civ. P. 15(d), Plaintiffs ignore that the primary differences between amendment and supplementation are: (1) that "supplements always require leave of the court," *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); and (2) supplements may not "relate back" to the "filing date of the original pleading." *Id*. But the FAA would not oppose amendment, and there

is no question that amendment would be timely.  Thus, amendment remains an appropriate course of action.

Second, Plaintiffs' request risks confusing the record in this matter.  In particular, the final agency actions by FAA that Plaintiffs challenge—issuance of: (1) the Mitigated Finding of No Significant Impact/Record of Decision for the Starship/Super Heavy Launch Vehicle Program at the SpaceX Boca Chica Launch Site in Cameron County, TX; and (2) launch license VOL 23-129[2] to Defendant-Intervenor—remain the same.  *Cf. Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, No. 03-213, 2016 WL 11477037, at *3-4 (D. Or. Mar. 9, 2016) (noting supplementation was proper to challenge *additional* final agency actions).  Plaintiffs' theories for why those actions are arbitrary and capricious under the Administrative Procedure Act have been modified, but the underlying causes of action are consistent, thus making amendment more appropriate.  *See Hicks*, 283 F.3d at 386 (noting supplementation may be warranted due to "new facts *bearing on the relationship* between the parties") (emphasis added).

Similarly, Plaintiffs purport to challenge only FWS's issuance of a recent Addendum to its May 2022 Biological Opinion.  However, the original Biological Opinion remains in effect, as now augmented by, and referenced in, the Addendum.[3]  *See, e.g.*, *W. Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1242-43 (D.C. Cir. 2018) (explaining necessity of defining federal action at issue for determining whether supplemental environmental analysis is required).  Further, FWS, though implicated in the supplemental complaint, is not yet a party defendant.  An Amended Complaint that more clearly identifies the specific claims and relief sought against

---

[2]    *Available at* https://www.faa.gov/media/69476.

[3]    *See* FWS Addendum at B-003 and B-024, *available at* https://www.faa.gov/media/72791.

each federal agency defendant would likewise enable more efficient litigation of Plaintiffs' claims ostensibly challenging the separate decisions of two different federal agencies.

Moreover, if instead presented as an amendment to the existing Complaint, Plaintiffs' modified allegations would simply require the FAA to supplement the existing administrative record to account for FAA's most recent environmental review; a second, supplemental, complaint, however, would require lodging of a separate second administrative record largely—but not wholly—duplicative of the existing record. This duplication would risk confusion during merits briefing and again make litigation of this matter less efficient.

Third, Plaintiffs acknowledge that, at least as to their proposed supplemental claim under the National Environmental Policy Act ("NEPA"), the purpose of the supplementation is to address ripeness issues related to similar allegations in the operative Complaint. Pls.' Mot. 5. But Plaintiffs could accomplish the same goal with less confusion by simply amending Paragraph 102 of the existing Complaint. And, by their own admission, Plaintiffs' proposed claim regarding the FWS's Biological Opinion similarly relates to the propriety of the final FAA actions that Plaintiffs have already challenged. *Id*. & n.3. That Plaintiffs' proposed supplemental claims represent new challenges to the FAA actions already under review further argues in favor of amendment rather than supplementation. Indeed, the proposed supplemental complaint refers to events that occurred prior to the filing of Plaintiffs' operative Complaint. *Compare* ECF No. 3 ¶ 93 *with* ECF No. 27-1 ¶¶ 2, 46, 79. Thus, Plaintiffs' request facially seeks to amend their prior Complaint. *See McClure v. Hayes*, No. 18-32, 2020 WL 5649332, at *3, 6 (S.D. Ga. Sept. 1, 2020).

In sum, should the Court determine that Plaintiffs should be granted leave to modify their earlier Complaint, that modification should take the form of an amended complaint, rather than Plaintiffs' requested supplemental pleading.

Respectfully submitted this 10th day of January 2024,

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*
Gregory M. Cumming (D.C. Bar No. 1018173)
Matthew P. Rand (N.Y. Bar No. 4937157)
Sarah R. Ruckriegle (D.C. Bar No. 1658781)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (office)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov

*Counsel for Defendants*