IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

        Plaintiffs,

  v.

FEDERAL AVIATION ADMINISTRATION, *et al.*,

        Defendants,

  and

SPACE EXPLORATION TECHNOLOGIES CORPORATION,

        Intervenor-Defendant.

Civil Action No. 1:23-cv-1204-CJN

**INTERVENOR-DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

**I.   INTRODUCTION**

Intervenor-Defendant Space Exploration Technologies Corporation (SpaceX) opposes Plaintiffs' Motion for Leave to File a Supplemental Complaint, ECF 27. Plaintiffs seek to add two new claims challenging federal review and approval of SpaceX's Starship/Super Heavy launch program: a new Endangered Species Act (ESA) claim against the U.S. Fish and Wildlife Service (Service) and an additional National Environmental Policy Act (NEPA) claim against the Federal Aviation Administration (FAA). The motion should be denied for two reasons. First, Plaintiffs have not complied with the Federal Rules of Civil Procedure or the Court's Standing Order, which require a single operative complaint and a redline showing changes between a proposed new pleading and the existing one. Plaintiffs propose a second pleading that does not replace the first

and have not provided a redline. Defendants should not be required to piece together claims and allegations across separate pleadings and guess whether Plaintiffs' new NEPA claim abandons or amends the NEPA claim in the first complaint. Second, Plaintiffs have failed to comply with the ESA's sixty-day pre-suit notice requirement, which is jurisdictional and strictly enforced. The requirement applies because Plaintiffs do not limit the relief they seek to setting aside the Service's Biological Opinion Addendum. Rather, the proposed supplemental complaint also seeks to vacate the FAA's decision approving SpaceX's Starship/Super Heavy launch program and includes an open-ended claim for additional "just and appropriate" relief. Claims alleging violations of the ESA that seek relief against action agencies are subject to the ESA's sixty-day notice requirement.

## II.  ARGUMENT

Courts "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. Pr. 15(d). Similarly, courts may grant leave to amend a pleading "when justice so requires." *Id.* 15(a)(2). The distinction between supplementation and amendment is "of little moment." *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); *see* ECF 27 at 4 n.2 ("Courts typically treat motions to supplement under Rule 15(d) and motions to amend under Rule 15(a) equally." (citation omitted)). Courts "may" allow supplementation or amendment "where it serves the interests of judicial economy and convenience," but not "when there is good reason to the contrary," such as futility or prejudice to other parties. *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017). As explained below, leave to file a supplemental complaint should be denied because Plaintiffs have not complied with the Federal Rules of Civil Procedure, the Court's Standing Order, or the ESA's pre-suit notice requirement.

**A.     The motion should be denied because the proposed supplemental complaint does not comply with the Federal Rules of Civil Procedure or the Court's Standing Order.**

Federal Rule of Civil Procedure 7(a) permits the filing of "a complaint." Consistent with Rule 7's plain language, courts have ruled that "Rule 7 contemplates a single complaint, . . . [not] separate 'pleadings.'" *Savignac v. Jones Day*, 341 F.R.D. 120 (D.D.C. 2022). Following this rule, courts have held that a supplemental or amended complaint under Rule 15 "must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Smith v. Price*, No. 3:11-CV-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 1072282 (Mar. 29, 2012); *see Gilliard v. Gruenberg*, 302 F. Supp. 3d 257, 269 (D.D.C. 2018) (stating that "one operative complaint setting out all . . . claims against Defendants" is required).[1] A party cannot "piece together claims, factual allegations, and defendants that are included in separately filed documents." *Smith*, 2018 WL 10854582, at *1; *Snyder v. S. Middlesex Corr. Ctr.*, No. 13-11013-WGY, 2013 WL 5953027, at *2 (D. Mass. Nov. 4, 2013) (same). The purpose of the rule requiring one operative complaint and barring "fragmentary pleading" is to promote clarity and thereby "'make pleadings a means to achieve an orderly and fair administration of justice.'" *Smith*, 2012 WL 1068159, at *3 (quoting *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964)).

---

[1] *See also, e.g.*, *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) ("It is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect."); *Gallagher v. Nat'l Sec. Agency*, No. 18-cv-01525-GPG, 2018 WL 10854582, at *1 (D. Colo. July 12, 2018) (explaining that a party seeking to supplement or amend a complaint must "file one single amended complaint that includes all of his claims and factual allegations, and names all of the defendants"); *Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D.D.C. 2004) (explaining that "[t]he amended complaint is now the operative complaint due to its superseding nature"); *Competitive Enter. Inst. v. McCarthy*, Civil Action No. 21-1238 (CKK), 2021 WL 9937858, at *4 (D.D.C. Oct. 7, 2021) (accepting a proposed supplemental complaint "as the operative pleading" replacing the prior complaint); *Bloch v. Powell*, 227 F. Supp. 2d 25, 28 n.2 (D.D.C. 2002) (same).

Whether considered an amended or supplemental complaint, Plaintiffs' proposed new complaint violates the one-operative-complaint rule. Plaintiffs do not propose a single pleading. They propose a second, separate complaint that references the initial complaint without replacing it. Adding to the confusion, the proposed supplemental complaint includes a NEPA supplementation claim against the FAA that appears to be mostly duplicative of the NEPA supplementation claim in the initial complaint. *See* ECF 3 ¶ 102 (claiming that the FAA has failed "to supplement the prior analysis to take the requisite hard look at the human health and environmental impacts of the failed April 20 launch"); ECF 27-1 ¶¶ 79-86 (also claiming that supplemental NEPA review is needed to address the effects of the April 20 launch). Plaintiffs' motion suggests that they are abandoning the first supplemental NEPA claim as unripe but is unclear. *See* ECF 27 at 5.

Plaintiffs' motion for leave to file a proposed supplemental complaint also violates a related requirement of the Court's Standing Order. Consistent with the rule that only one operative complaint is allowed and a new complaint supersedes a prior complaint, the Standing Order requires parties to submit a redline of a proposed new pleading against the operative one. ECF 7 ¶ 5. This requirement also promotes the Federal Rules' aim of "orderly and fair administration of justice," *Griffin*, 377 U.S. at 227, by requiring parties to clearly identify new or changed allegations and claims. As this Court has held, "Plaintiffs' failure to abide by the Court's orders respecting [redlines of] proposed amendments provides yet another reason to deny their request for leave to amend or to supplement the complaint." *Bozgoz v. Blackwell*, 2021 WL 1518337, at *3 (D.D.C. Apr. 16, 2021); *Ware v. District of Columbia*, 2022 WL 16571381, at *10 (D.D.C Nov. 1, 2022) (denying leave to amend because, among other reasons, the plaintiffs did not comply with the Standing Order's redline requirement).

Plaintiffs' failure to propose a single, operative complaint and comply with the redline requirement prejudices Defendants by reducing clarity. Plaintiffs' second, separate pleading would force Defendants and the Court to wade through multiple documents to evaluate Plaintiffs' claims and allegations. As noted, the two complaints' overlapping NEPA supplementation claims also create confusion. It is not clear whether Plaintiffs are abandoning or amending some or all of the NEPA supplementation claim and supporting allegations in their initial complaint. Without "one operative complaint setting out all of [Plaintiffs'] claims against Defendants," *Gilliard*, 302 F. Supp. 3d at 269, it is also unclear whether Plaintiffs are challenging different actions that must be evaluated based on separate administrative records. Defendants and the Court should not be required to "cobble together [Plaintiffs'] numerous submissions to create an operative complaint," *Snyder*, 2013 WL 5953027, at *2, or speculate whether Plaintiffs have abandoned the first NEPA supplementation claim in favor of the new one, *see Smith*, 2012 WL 1068159, at *5 (finding that a plaintiff's failure to file one operative complaint made it difficult for the court to determine whether he had abandoned prior claims).

To avoid confusion and facilitate orderly resolution of this case, Plaintiffs should be required to propose a complaint that includes "all of the parties, factual allegations, and legal claims that [they] wish[] to be part of the operative complaint," *Snyder*, 2013 WL 5953027, at *2, and a redline version comparing the proposed new complaint to the complaint it would supersede.

**B.  The motion should be denied because Plaintiffs failed to comply with the ESA's pre-suit notice requirement.**

Even if Plaintiffs' proposed supplemental complaint complied with the Federal Rules of Civil Procedure and Standing Order, leave to file it should be denied because Plaintiffs have not complied with the ESA's pre-suit notice requirement. The ESA authorizes citizens to file suit "to enjoin any person, including the United States and any other governmental instrumentality or

5

agency . . . who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." 16 U.S.C. § 1540(g)(1)(A). But a citizen's right to sue under this provision is qualified. A citizen must give the Secretary of the Interior and any alleged violators written notice of intent to sue sixty days prior to filing suit. *Id*. § 1540(g)(2)(A)(i). The notice requirement is designed to give alleged violators "'an opportunity to bring [themselves] into complete compliance with the Act and thus likewise render unnecessary a citizen suit.'" *Friends of Animals v. Ashe*, 808 F.3d 900, 904 (D.C. Cir. 2015) (quoting *Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1989)). The requirement is "strictly" enforced because it is "mandatory and jurisdictional." *Conservation Force v. Salazar*, 715 F. Supp. 2d 99, 102 (D.D.C. 2010) (citation omitted); *Common Sense Salmon Recovery v. Evans*, 329 F. Supp. 2d 96, 104 (D.D.C. 2004) (collecting cases).

The ESA's pre-suit notice requirement cannot be avoided by repackaging ESA citizen suit claims as APA claims. *See, e.g.*, *Conservation Force*, 715 F. Supp. 2d at 104 n.6; *Home Builders Ass'n of N.C. v. U.S. Fish & Wildlife Serv.*, No. CIV. S-05-0629 WBS-GGH, 2006 WL 3190518, at *7 (E.D. Cal. Nov. 2, 2006) (finding that a plaintiff could not "avoid the ESA's notice requirement by manipulating the nature of claims that arise under the ESA"). The APA is not an alternative waiver of sovereign immunity that a plaintiff may use to avoid restrictions on judicial review imposed by the substantive statutes the government allegedly violated, such as pre-suit notice requirements or statutes of limitations. Rather, the APA only allows for review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. And the APA expressly preserves the limitations on judicial review imposed by substantive statutes underlying an APA claim. *Id.* § 702; *see Duke Energy Field Servs. Assets v. FERC*, 150 F. Supp. 2d 150, 155-56 (D.D.C. 2001) (finding that the APA does not allow plaintiffs to evade the Outer

Continental Shelf Land Act's pre-suit notice requirement). Interpreting these laws, the Supreme Court has held that the ESA's citizen suit provision "is a means by which private parties may enforce the substantive provisions of the ESA against regulated parties—both private entities and Government agencies." *Bennett v. Spear*, 520 U.S. 154, 173 (1997). But a claim arises under the APA if it does not seek relief against regulated parties and simply alleges "maladministration" of the ESA by the Service in consulting with action agencies under ESA Section 7 regarding the effects of an action. *Id.* at 174.[2]

Here, Plaintiffs' proposed ESA claim is not limited to declaring unlawful and setting aside the Service's Biological Opinion Addendum. Plaintiffs also ask the Court to vacate the FAA's decision to approve the Starship/Super Heavy launch program. ECF No. 27-1 ¶ 16 (asking the court to vacate the Programmatic Environmental Assessment, Finding of No Significant Impact/Record of Decision, and Biological Opinion Addendum, "and remand with instructions that the agencies comply with the clear requirements of the law"). Plaintiffs also broadly seek any "other relief as the Court deems just and appropriate." *Id*. at 26 (Prayer for Relief (f)); *see* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may

---

[2] *See also Ctr. for Biological Diversity v. EPA*, 861 F.3d 174, 180 (D.C. Cir. 2017) (claim that EPA failed to consult with the Service under Section 7(a)(2) before registering a pesticide arose under the ESA citizen suit provision); *All. for the Wild Rockies v. U.S. Dep't of Agric.*, 772 F.3d 592, 601-05 (9th Cir. 2014) (claims that federal agencies violated ESA Sections 7 and 9 in permitting helicopter flights arose under the ESA); *Wash. Toxics Coal. v. EPA*, 413 F.3d 1024, 1034 (9th Cir. 2005), *abrogated on other grounds as recognized in Cottonwood Env't Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075 (9th Cir. 2015) (explaining that "suits to compel [action] agencies to comply with the substantive provisions of the ESA arise under the ESA citizen suit provision, and not the APA," and holding that a claim that the EPA violated ESA Section 7(a)(2) in approving pesticides was an ESA claim); *Pac. Rivers Council v. Thomas*, 30 F.3d 1050, 1056 (9th Cir. 1994) (claims that the Forest Service violated ESA Section 7(a)(2) and 7(d) in authorizing and undertaking timber and road-building projects arose under the ESA's citizen suit provision).

be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.").

The proposed complaint's other allegations also reveal that Plaintiffs target actions by the FAA in challenging compliance with ESA Section 7. For example, the proposed complaint explains that "[t]he FAA initiated formal ESA Section 7 consultation on the issuance of a launch license to SpaceX at the Boca Chica Launch Site for the Starship/Super Heavy Launch Vehicle Program and provided a biological assessment to FWS on June 21, 2021." ECF 27-1 ¶ 64. Plaintiffs also allege that the April 20, 2023 launch harmed piping plovers, a species listed under the ESA. *See id.* ¶¶ 73-74. Additionally, Plaintiffs acknowledge that they previously filed a 60-day notice of intent letter "with FAA and FWS on July 12, 2023, regarding the need to reinitiate and complete ESA Section 7 consultation."[3] *Id.* ¶ 68. That letter states that Plaintiffs seek to enjoin SpaceX's launch license pending compliance with ESA Section 7. *See* Decl. of T. Welti, Ex. A at 2 (demanding that "FAA and FWS must reinitiate Section 7 consultation, and no further launches or static fire tests may be allowed until that process has been completed and the potential harms have been fully addressed and properly mitigated"). Indeed, Plaintiffs would lack standing to bring their ESA claim were they now disclaiming such relief against the launch program—vacating the Addendum alone would not redress any alleged harms to Plaintiffs' interests in any listed species.

This case is thus unlike *Bennett v. Spear*, where the plaintiff ranchers and irrigation districts sought to set aside a Biological Opinion that harmed them by reducing available water from reservoirs managed by the Bureau of Reclamation. 520 U.S. at 159-60. No relief against any action

---

[3] This notice did not satisfy the 60-day notice requirement because consultation had not been reinitiated and completed and, therefore, the violations Plaintiffs allege had not yet occurred. *See, e.g.*, *Friends of Animals*, 808 F.3d at 904 (explaining that "pre-violation notice" is inadequate under the ESA).

agency was sought by the plaintiffs or required to redress their harms—setting aside the Biological Opinion was sufficient. Here, Plaintiffs do not simply seek to set aside the Biological Opinion Addendum. As discussed above, they also aim to set aside and enjoin the FAA's approval of the Starship/Super Heavy launch program and stop SpaceX's launches. This case is thus more like *Washington Toxics Coalition v. EPA*, where the plaintiffs sought to enjoin EPA's authorization of pesticides for failure to consult under Section 7. 413 F.3d at 1028-29. The Ninth Circuit held that this claim arose under the ESA citizen suit provision and thus was subject to the ESA's pre-suit notice requirement because, like Plaintiffs' claim here, it targeted an action agency's compliance with ESA Section 7, not just the Service's administration of Section 7. *Id.* at 1034; *see also, e.g.*, *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 519-20 (9th Cir. 1998) (finding pre-suit notice was required where the plaintiffs challenged both a Biological Opinion and an action agency's operations under ESA Section 7).

Accordingly, Plaintiffs are required to provide notice and wait sixty days because their proposed ESA claim is not limited to seeking declaratory relief against the Service's Biological Opinion Addendum. Having failed to comply with the ESA's pre-suit notice requirement, the Court lacks jurisdiction over this cause of action and must deny the motion for leave to file a supplemental complaint.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for leave to file a supplemental complaint.

Dated: January 10, 2024

Respectfully submitted,

By: <u>/s/ Tyler Welti</u>
Tyler Welti (D.C. Bar No. 1015691)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
415.653.3714
415.653.3755 (fax)
tgwelti@venable.com

Jay C. Johnson (D.C. Bar No. 487768)
VENABLE LLP
600 Massachusetts Avenue NW
Washington, DC 20001
202.344.4000
jcjohnson@venable.com

*Attorneys for Intervenor-Defendant Space Exploration Technologies Corporation*