UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>FEDERAL AVIATION ADMINISTRATION, *et al.*,<br><br>　　　　　　Defendants,<br><br>　and<br><br>SPACE EXPLORATION TECHNOLOGIES CORPORATION,<br><br>　　　　　　Intervenor-Defendant. | Civil Action No. 1:23-cv-1204-CJN |

### RESPONSE TO PLAINTIFFS' NOTICE OF RECENT AUTHORITY

Intervenor-Defendant Space Exploration Technologies Corp. ("SpaceX") files this Response to Plaintiffs' Notice of Recent Authority, ECF No. 33. Plaintiffs notice a Ninth Circuit decision holding that the Endangered Species Act's ("ESA") 60-day pre-suit notice requirement is not jurisdictional and thus can be waived if not timely raised. *Cascadia Wildlands v. Scott Timber Co.*, No. 22-35764, 2024 WL 3169822 (9th Cir. June 26, 2024). Plaintiffs argue that their failure to provide notice before bringing their proposed ESA claim should be ignored under *Cascadia Wildlands* because Defendant, the Federal Aviation Administration ("FAA"), did not raise and thus waived the issue in opposing the Motion for Leave to File a Supplemental Complaint. Plaintiffs are incorrect twice over.

First, Plaintiffs' argument fails because the cited authority is contrary to controlling D.C.

Circuit precedent. That precedent holds that the ESA's pre-suit notice requirement is *jurisdictional* and not subject to waiver. *Friends of Animals v. Ashe*, 808 F.3d 900, 903-05 (D.C. Cir. 2015) (Kavanaugh, J.) (affirming dismissal of an ESA claim for lack of subject-matter jurisdiction because the plaintiffs failed to provide pre-suit notice). This Court has repeatedly found the requirement to be "mandatory and jurisdictional." *Safari Club Int'l v. Jewell*, 960 F. Supp. 2d 17, 78 (D.D.C. 2013) (internal quotations and citation omitted); *Conservation Force v. Salazar*, 715 F. Supp. 2d 99, 102 (D.D.C. 2010) (internal quotations and citation omitted); *Research Air, Inc. v. Norton*, No. Civ.A. 05-623(RMC), 2006 WL 508341, at *10 (D.D.C. Mar. 1, 2006); *Common Sense Salmon Recovery v. Evans*, 329 F. Supp. 2d 96, 104 (D.D.C. 2004). Plaintiffs' cited out-of-circuit authority does not override this longstanding precedent.

Second, even if the ESA's pre-suit notice requirement is not jurisdictional, but an affirmative defense subject to waiver, it clearly has not been waived here. Federal Rule of Civil Procedure 8(c)(1) requires a party to raise "any avoidance or affirmative defense" in response to a "*pleading*," such as a complaint. A party does not waive an argument by failing to raise it when opposing amendment or supplementation of existing pleadings. *Fraser v. Fireman's Fund Ins. Co.*, Civ. A. No. 86-2294, 1988 WL 93111, at *2 (D.D.C. Aug. 30, 1988) (holding that a party "did not waive [a statute of limitations] defense by failing to raise it in opposition to the plaintiff's motion to amend").[1] This makes sense because a proposed amended or supplemental complaint is

---

[1] *See also LG Cap. Funding, LLC v. ExeLED Holdings Inc.*, No. 17-cv-4006 (LJL), 2024 WL 1116082, at *9 (S.D.N.Y. Mar. 13, 2024) (failure to respond to motion for leave to file counterclaim did not result in waiver of an affirmative defense because the motion "does not constitute a pleading"); *Chavarria v. Hamlet*, No. C 01-02242 SI, 2010 WL 1461040, at *3 (N.D. Cal. Apr. 12, 2010) ("A response to a motion to amend is clearly not a responsive pleading . . . and therefore respondent was not required to raise its affirmative defenses in that response in order to avoid an implied waiver."); *Young v. Greiner*, No. 9:02-CV-1087 (JKS), 2008 WL 5432219, at *9 (N.D.N.Y. Dec. 30, 2008) (respondent did not waive an argument by not raising it in opposing a motion to amend).

2

not an operative pleading unless a court grants leave to amend or supplement. *Pinson v. U.S. Dep't of Justice*, 69 F. Supp. 3d 108, 113 (D.D.C. 2014) ("[O]nce an amended complaint is filed, it supersedes the original complaint . . . ."); *see* Fed. R. Civ. P. 7(a) (defining "pleadings" to include complaints, answers, and replies to answers). Regardless, SpaceX raised Plaintiffs' failure to provide pre-suit notice in opposing the motion to supplement, so the argument clearly has not been waived.[2]

| | |
|---|---|
| Dated: July 15, 2024 | Respectfully submitted, |
| | /s/ Tyler G. Welti |
| | Tyler G. Welti (D.C. Bar No. 1015691) |
| | VENABLE LLP |
| | 101 California St. Suite 3800 |
| | San Francisco, CA 94111 |
| | Phone: 415-653-3714 |
| | Fax: 415-653-3755 |
| | tgwelti@venable.com |
| | |
| | Jay C. Johnson (D.C. Bar No. 487768) |
| | VENABLE LLP |
| | 600 Massachusetts Ave., N.W. |
| | Washington, DC 20001 |
| | Phone: 202-344-4698 |
| | Fax: 202-344-8300 |
| | jcjohnson@venable.com |
| | |
| | *Counsel for Intervenor-Defendant* |

---

[2] As SpaceX explained in opposing the Motion for Leave to File a Supplemental Complaint, Plaintiffs' July 12, 2023 letter to the U.S. Fish and Wildlife Service and the FAA arguing that ESA section 7 consultation must be reinitiated does not satisfy the pre-suit notice requirement for their proposed claim alleging later, different ESA violations. *See* ECF No. 31 at 8 n.3. Plaintiffs also failed to send that letter to SpaceX despite alleging that SpaceX's FAA-licensed launch program violates the ESA. *See* 16 U.S.C. § 1540(g)(2)(A)(i) (requiring notice to any alleged violator).