# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, AMERICAN BIRD CONSERVANCY, SURFRIDER FOUNDATION, SAVE RGV, and THE CARRIZO/COMECRUDO NATION OF TEXAS, INC., <br><br> *Plaintiffs* <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION and MICHAEL WHITAKER, in his official capacity, <br><br> *Defendants*. <br><br> and <br><br> SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> *Defendant-Intervenor*. | Civil Case No. 23-cv-01204 (CJN) |

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, defendants Federal Aviation Administration ("FAA") and Michael Whitaker, in his official capacity as Administrator of the FAA (collectively "Defendants") hereby answer Plaintiffs' First Amended Complaint ("Complaint"), ECF No. 36.[1] The numbered paragraphs and sections of this Answer correspond to the numbered paragraphs and sections of the Complaint.

---

[1] Plaintiffs' claims are subject to judicial review, if at all, under the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Under the APA, the Court's task is to review the administrative record and determine whether, as a matter of law, the agency's decision is arbitrary, capricious, or otherwise contrary to law.  5 U.S.C. § 706; *Fla.*

## INTRODUCTION[2]

1.  The allegations in this paragraph constitute Plaintiffs' statement of the case, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

2.  Defendants admit that the FAA has federal authority over the launching of vehicles into space and licensed the SpaceX Starship/Super Heavy Launch Vehicle Program ("Starship Program") at Boca Chica, Texas. Defendants deny the remaining allegations in this Paragraph.

3.  Defendants admit the FAA issued a Final Programmatic Environmental Assessment ("PEA") and Finding of No Significant Impact/Record of Decision ("FONSI/ROD") for the Starship Program on June 13, 2022, but deny that the FONSI/ROD "approved SpaceX's plan." Defendants admit all remaining allegations in this Paragraph.

4.  Defendants admit the Starship/Super Heavy "holds up to 3,700 metric tons of liquid methane for propulsion." Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

5.  Defendants admit that SpaceX undertook the first launch of the Starship/Super Heavy rocket on April 20, 2023, that the rocket exploded, and that the launchpad was damaged

---

*Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). Accordingly, because the Court does not operate as a fact-finder during review under the APA, there is no role for an Answer, which is a civil litigation tool for determining areas of factual dispute. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA). Nonetheless, Defendants submit this Answer to ensure compliance with Federal Rule of Civil Procedure 8.

[2]   The headings in this Answer correspond to the major headings in the Complaint, and Defendants include them solely to provide convenient reference to the Complaint. They do not form any part of the Answer. To the extent the headings in the Complaint or the Answer include substantive allegations, Defendants deny them.

resulting in debris being found outside the area considered in the PEA.  Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

6. Defendants admit the SpaceX facility at Boca Chica is located close to a National Wildlife Refuge, two State Parks, a State Wildlife Management Area, and a State Coastal Preserve.  Defendants further admit the "area surrounding the SpaceX facility at Boca Chica is biologically diverse and essential habitat for many species." Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

7. Defendants admit that there have been explosions at Boca Chica over the last several years, fires attributable to SpaceX anomalies, and "debris spread" over surrounding land. Defendants deny the remaining allegations in this Paragraph.

8. Defendants admit some SpaceX activities require the Cameron County Commissioners Court to close access to Boca Chica Beach.  Defendants deny the remaining allegations in this Paragraph.

9. Defendants admit that a former Chief of Staff for the FAA's Office of Commercial Space Transportation initially communicated that the FAA planned on preparing a new environmental impact statement ("EIS") analyzing the Starship Program. The allegations in the second sentence of this Paragraph purport to characterize the PEA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the PEA they are denied.  Defendants deny the remaining allegations in this Paragraph.

10. Defendants deny the allegations in this Paragraph.

11. Defendants deny the allegations in this Paragraph.

12. Defendants deny the allegations in this Paragraph.

13. Defendants deny the allegations in this Paragraph.

14. Defendants admit that the FAA issued a Written Re-evaluation ("WR") and modified license to SpaceX on November 15, 2023, three days before the second launch of Starship/Super Heavy. The second and third sentences in this Paragraph purport to characterize the November 15, 2023, WR and the PEA. The WR and the PEA are the best evidence of their contents and Defendants deny any allegations inconsistent with it. Defendants deny the remaining allegations in this Paragraph.

15. Defendants admit that the FAA continues to rely in part on the PEA in determining whether to issue launch licenses to SpaceX. Defendants deny the remaining allegations in this Paragraph.

16. The allegations in the last sentence of this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the remaining allegations in this Paragraph.

## JURISDICTION AND VENUE

17. Defendants admit that 28 U.S.C. § 1331 and 28 U.S.C. § 1346 confer jurisdiction on this Court to hear claims "arising under" the laws of the United States and against the United States. The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

18. This Paragraph provides Plaintiffs' legal conclusions, to which no response is required.

## PARTIES

### Plaintiffs

19. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

20. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

21. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

22. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

23. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

24. The first and third sentences in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

25. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

27. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

28. Defendants deny the allegations in this Paragraph.

29. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

30. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

31. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

32. Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence in this Paragraph, and therefore deny those allegations.  The remaining two sentences in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

34. Defendants deny the allegations in the first sentence of this Paragraph.  The allegations in the second sentence of this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

35. The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. The allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## **Defendants**

37. Defendants admit the allegations in this Paragraph.

38. Defendants admit the allegations in the first sentence of this Paragraph. The allegations in the second sentence purport to characterize a Federal statute. That statute is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.

## LEGAL BACKGROUND

### The National Environmental Policy Act

39. The allegations in this Paragraph purport to quote and/or characterize a Federal statute and regulation. That statute and regulation are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

40. The allegations in this Paragraph purport to quote and/or characterize a Federal statute. That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

41. Defendants admit that the U.S. Supreme Court issued *Robertson v. Methow Valley Citizens Council*, 490 US. 332 (1989). Otherwise, the allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

42. The allegations in this Paragraph purport to quote and/or characterize Federal regulations. Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

43. The allegations in this Paragraph purport to quote and/or characterize Federal regulations. Those regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

44. The allegations in this Paragraph purport to quote and/or characterize Federal statutes and regulations. Those statutes and regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

45. The allegations in this Paragraph purport to quote and/or characterize a Federal regulation. That regulation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

46. The allegations in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

47. Defendants admit that the U.S. Court of Appeals for the D.C. Circuit issued *City of Port Isabel v. Federal Energy Regulatory Comm'n*, — F.4th —, 2024 WL 3659344 (D.C. Cir. Aug. 6, 2024). The remaining allegations in this Paragraph purport to quote and/or characterize a Federal regulation. That regulation is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

48. Defendants admit that the U.S. Supreme Court issued *Baltimore Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87 (1983). Otherwise, the allegations in this Paragraph purport to quote and/or characterize Federal statutes. Those statutes are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

49. Defendants admit the U.S. Court of Appeals for the D.C. Circuit issued *New York v. Nuclear Regulatory Comm'n*, 681 F. 3d 471 (D.C. Cir. 2012). Defendants admit the U.S. Court of Appeals for the D.C. Circuit issued *Sierra Club v. FERC*, 867 F. 3d 1357 (D.C. Cir. 2017). Otherwise, the allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

50. The allegations in this Paragraph purport to quote and/or characterize a Federal regulation and guidance. That regulation and guidance are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

51. The allegations in this Paragraph purport to quote and/or characterize Federal regulations and guidance. Those regulations and guidance are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

## The Administrative Procedure Act

52. The allegations in this Paragraph purport to quote and/or characterize Federal statutes. Those statutes are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

53. The allegations in this Paragraph purport to quote and/or characterize a Federal statute. That statute is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

## FACTUAL BACKGROUND

### The Boca Chica Area

54. Defendants admit that the SpaceX facility is located close to publicly owned conservation, park, and recreation lands including Boca Chica Beach State Park, Brazos Island State Park, the Lower Rio Grande Valley National Wildlife Refuge, the South Bay Coastal Preserve, and the Las Palomas Wildlife Management Area (Boca Chica Unit). Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

55. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

56. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

57. Defendants lack information sufficient to form a belief as to the truth of the allegation in this Paragraph regarding when SpaceX "purchased the project site," and therefore deny that allegation.  Defendants admit the remaining allegations in this Paragraph.

58. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

59. Defendants admit the allegations in the first sentence of this paragraph. Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

60. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

**The Environmental Impacts of the SpaceX Launch Program**

61. Defendants admit that FAA issued its Final PEA and FONSI/ROD on June 13, 2022.  The remaining allegations in this Paragraph purport to characterize the FONSI/ROD.  The FONSI/ROD is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

62. Defendants lack information sufficient to form a belief as to the truth of the allegation in the first sentence of this Paragraph, and therefore deny the allegation.  Defendants admit the Starship/Super Heavy "holds up to 3,700 metric tons of liquid methane for propulsion."  Defendants deny the remaining allegations in this Paragraph.

63. Defendants deny the allegations in this Paragraph.

64. Defendants admit the allegations in the first sentence of this Paragraph and deny the allegations in the second sentence.

65. Defendants deny the allegations in the first sentence of this Paragraph. Defendants admit that SpaceX undertook the first orbital launch of the Starship/Super Heavy rocket on April 20, 2023, that the rocket exploded, and that the launchpad was damaged, resulting in debris being found. Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

66. Defendants admit that there have been explosions at Boca Chica over the last several years, but lack information sufficient to form a belief as to the truth of the remainder of the allegations in this first sentence of this Paragraph, and therefore deny those allegations. Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

67. Defendants admit that there have been "fires attributable to SpaceX anomalies," and that other incidents "scattered debris onto Refuge managed lands." Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

68. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

69. Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

70. Defendants admit the Starship Program has "increased vehicle traffic." Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

71.     Defendants admit SpaceX's activities will lead to increased vehicular traffic. Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations in this Paragraph, and therefore deny those allegations.

72.     The allegations in this Paragraph purport to quote and/or characterize the PEA and FONSI/ROD.  The PEA and FONSI/ROD are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

73.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore deny those allegations.

74.     Defendants admit Boca Chica Beach is a "popular public beach" near the city of Brownsville, Texas.  Defendants lack information sufficient to form a belief as to the truth of the allegations in the second sentence of this Paragraph, and therefore deny those allegations.  Defendants deny the remaining allegations in this Paragraph.

## FAA's Review of the SpaceX Launch Program

75.     The allegations in this Paragraph purport to quote and/or characterize Federal statutes and regulations.  Those statutes and regulations are the best evidence of their contents and Defendants deny any allegations inconsistent with them.

76.     Defendants admit the allegations in this Paragraph.

77.     Defendants admit that a former Chief of Staff for the FAA's Office of Commercial Space Transportation initially communicated that the FAA planned on preparing an EIS for the Starship/Super Heavy Launch Vehicle Program, and that SpaceX prepared an EA under the supervision of the FAA.  Defendants deny the remainder of the allegations in this paragraph.

78.     Defendants admit the allegations in this Paragraph.

79. Defendants admit that they received many comments on the draft PEA. The remaining allegations in this Paragraph seek to characterize those comments, which are the best evidence of their contents. Defendants deny any allegations inconsistent with them.

80. Defendants admit the first sentence of this Paragraph. The remaining sentences purport to quote and/or characterize the FONSI/ROD. The FONSI/ROD is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

81. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

82. The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

83. The allegations in this Paragraph purport to quote and/or characterize the PEA. The PEA is the best evidence of its contents and Defendants deny any allegations inconsistent with it. Further, the allegations in the last sentence of this Paragraph provide Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

84. The allegations in this Paragraph purport to quote and/or characterize the PEA. The PEA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

85. Defendants deny the allegations in this Paragraph.

86. The allegations in this Paragraph purport to quote and/or characterize the PEA. The PEA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

87. Defendants deny the allegations in this Paragraph.

88. Defendants deny the allegations in this Paragraph.

89. The allegations in this Paragraph purport to quote and/or characterize the PEA. The PEA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

90. Defendants deny the allegations in this Paragraph.

91. Defendants deny the allegations in this Paragraph.

92. Defendants deny the allegations in this Paragraph.

93. Defendants admit that "the only access by automobile to Boca Chica Beach is Texas State Highway 4—locally known as Boca Chica Boulevard." Defendants deny the remaining allegations in this Paragraph.

94. Defendants admit the allegations in this Paragraph.

95. Defendants admit that the FAA "included with the License a Written Re-evaluation of the Final PEA." The remaining allegations in this Paragraph purport to quote and/or characterize the April 14, 2023, WR. That WR is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

96. The allegations in the second sentence of this Paragraph purports to quote and/or characterize an un-cited statement of the U.S. Fish and Wildlife Service ("FWS"). That statement itself is the best evidence of its contents and Defendants deny any allegations inconsistent with it. Defendants admit that SpaceX undertook the first launch of the Starship/Super Heavy rocket on April 20, 2023, and that the launchpad was damaged resulting in debris being found outside the area considered in the PEA. Defendants deny the remaining allegations in this Paragraph.

97. The allegations in this Paragraph purport to quote and/or characterize FWS documentation. That documentation itself is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

98. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

99. Defendants admit that in response to the April 20, 2023, launch failure, the FAA opened a mishap investigation to determine the root causes of the mishap and the corrective actions that must be taken by SpaceX to prevent mishap reoccurrence. Defendants further admit that the FAA, consistent with its statutory authority under Title 51 of the U.S. Code and 14 CFR § 450.173(e), required SpaceX to conduct a mishap investigation under FAA oversight in accordance with its approved mishap plan. Defendants also admit that on August 21, 2023, SpaceX submitted a mishap report to the FAA that identified 63 corrective actions. The allegations in the fourth sentence of this Paragraph purport to quote and/or characterize a September 7, 2023, letter from the FAA to SpaceX. That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it. Defendants deny the remaining allegations in this Paragraph.

100. Defendants admit the allegations in the second sentence of this Paragraph. Defendants deny the remaining allegations in this Paragraph.

101. Defendants admit that the FAA issued a WR on November 14, 2023. The remaining allegations in this Paragraph purport to quote and/or characterize that WR. The WR is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

102. Defendants lack information sufficient to form a belief as to the truth of the allegations in the fifth sentence of this Paragraph, and therefore deny those allegations. The remaining allegations in this Paragraph purport to quote and/or characterize the November 14, 2023, WR.  The WR is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

103. The allegations in the first sentence of this Paragraph purport to quote and/or characterize the November 14, 2023, WR.  The WR is the best evidence of its contents and Defendants deny any allegations inconsistent with it. Defendants deny the remaining allegations in this Paragraph.

104. Defendants lack information sufficient to form a belief as to the truth of the allegations in the second sentence of this Paragraph, and therefore deny those allegations.  The remaining allegations in this Paragraph purport to quote and/or characterize the November 14, 2023, WR.  The WR is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

105. Defendants admit the allegations in the first two sentences of this Paragraph. The allegations in the third, fourth, and fifth sentences of this Paragraph purport to quote and/or characterize a report from the Texas Commission on Environmental Quality ("TCEQ").  That report is the best evidence of its contents, and Defendants deny any allegations inconsistent with it.  Defendants admit that they did not have knowledge of the findings of either the TCEQ or the U.S. Environmental Protection Agency ("EPA") prior to authorizing SpaceX to launch the Starship/Super Heavy rocket.  Defendants deny the remaining allegations in this Paragraph.

106. The allegations in this Paragraph purport to quote and/or characterize the November 14, 2023, WR.  The WR is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

107. Defendants deny the allegations in the first sentence of this Paragraph.  The allegations in the second, third, fourth and fifth sentences of this Paragraph purport to quote and/or characterize a report from the Coastal Bend Bays & Estuaries Program.  That report is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  The allegations in the sixth sentence of this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore deny those allegations.

108. The allegations in this Paragraph purport to quote and/or characterize a report from the Coastal Bend Bays & Estuaries Program.  That report is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

109. Defendants deny the allegations in the first and second sentences of this Paragraph.  The remaining allegations in this Paragraph purport to quote and/or characterize a May 1, 2023, letter from FWS to SpaceX. That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

110. The allegations in the first sentence of this Paragraph purport to quote and/or characterize the PEA.  The PEA is the best evidence of its contents and Defendants deny any allegations inconsistent with it.  Defendants deny the remaining allegations in this Paragraph.

111. The allegations in the first sentence of this Paragraph purport to quote and/or characterize the FONSI/ROD.  The FONSI/ROD is the best evidence of its contents and

Defendants deny any allegations inconsistent with it.  Defendants deny the remaining allegations in this Paragraph.

112.    The allegations in the first sentence of this Paragraph purport to quote and/or characterize a July 14, 2024, letter from Plaintiffs to Defendants. That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it. Defendants admit that as of the date of the filing of the Amended Complaint they had not yet responded to Plaintiffs' letter.

113.    Defendants deny the allegations in this Paragraph.

## FIRST CLAIM FOR RELIEF

114.    Defendants adopt by reference their responses to Paragraphs 1-113.

115.    Defendants admit the allegations in the first sentence of this Paragraph. Defendants admit that the FONSI/ROD constituted the FAA's determination that the Starship Program was "consistent with NEPA."  The remaining allegations in this Paragraph purport to quote and/or characterize the FONSI/ROD.  The FONSI/ROD is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

116.    Defendants admit that a former Chief of Staff for the FAA's Office of Commercial Space Transportation initially communicated that the FAA planned on preparing an EIS for the Starship/Super Heavy Launch Vehicle Program, and that SpaceX subsequently prepared a PEA under the supervision of the FAA.  This remaining allegations in this Paragraph provides Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

117.    Defendants deny the allegations in this Paragraph.

118.    Defendants deny the allegations in this Paragraph.

119. Defendants deny the allegations in this Paragraph.

120. Defendants deny the allegations in this Paragraph.

121. Defendants admit that SpaceX undertook the first launch of the Starship/Super Heavy rocket on April 20, 2023, and that the launchpad was damaged resulting in debris being found. Defendants deny the remaining allegations in this Paragraph.

122. Defendants deny the allegations in this Paragraph.

123. Defendants deny the allegations in this Paragraph.

124. Defendants deny the allegations in this Paragraph.

## PRAYER FOR RELIEF

Sub-paragraphs "a" through "e," under the caption "Prayer for Relief," provide Plaintiffs' prayers for relief. To the extent the Federal Rules of Civil Procedure or this Court require a response, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

All of the allegations in Plaintiffs' Complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied. Defendants reserve the right to amend this Answer to the extent Plaintiffs' Amended Complaint is further modified by order of the Court.

## DEFENSES

1. Plaintiffs lack standing to assert the claims alleged in the Complaint.

2. Some or all of Plaintiffs' claims are not ripe or are moot.

3. Plaintiffs fail to state a claim upon which relief can be granted.

4.      Plaintiffs have failed to exhaust their administrative remedies for some or all of their claims.

## **PRAYER**

For the foregoing reasons, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants such other and further relief that the nature of the case and justice requires.

Respectfully submitted this 13th day of September, 2024,

> TODD KIM
> Assistant Attorney General
> United States Department of Justice
> Environment & Natural Resources Division
>
> */s/ Gregory M. Cumming*
> Gregory M. Cumming (D.C. Bar No. 1018173)
> Matthew P. Rand (N.Y. Bar No. 4937157)
> Sarah R. Ruckriegle (D.C. Bar No. 1658781)
> United States Department of Justice
> Environment & Natural Resources Division
> Natural Resources Section
> 150 M St., N.E.
> Washington, D.C. 20002
> (202) 305-0457 (office)
> (202) 598-0414 (cell)
> gregory.cumming@usdoj.gov
>
> *Counsel for Defendants*