**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br>           Plaintiffs,<br><br>    v.<br><br>FEDERAL AVIATION ADMINISTRATION, *et al.*,<br>           Defendants,<br><br>    and<br><br>SPACE EXPLORATION TECHNOLOGIES CORP.,<br>           Intervenor-Defendant. | Civil Action No. 1:23-cv-1204-CJN |

**INTERVENOR-DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Intervenor-Defendant Space Exploration Technologies Corporation (SpaceX) respectfully moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint, ECF 36, filed by Plaintiffs Center for Biological Diversity, American Bird Conservancy, Surfrider Foundation, Save RGV, and The Carrizo/Comecrudo Nation of Texas, Inc. (Plaintiffs). In the alternative, SpaceX moves under Rule 12(e) to require Plaintiffs to file a more definite statement of their claims.

SpaceX moves to dismiss Plaintiffs' claims for National Environmental Policy Act (NEPA) supplementation and claims based on alleged violations of the Migratory Bird Treaty Act (MBTA). First, NEPA and controlling precedent are clear that supplemental NEPA review is required only for *proposed* major federal actions. Plaintiffs' NEPA supplementation claims should be dismissed because they seek to require the Federal Aviation Administration (FAA) to supplement its NEPA review for the action it already took to approve SpaceX's Starship-Super Heavy Program. Second, Plaintiffs' claims based on alleged violations of the MBTA should be dismissed because that law does not prohibit unintentional, incidental take of migratory birds, which is all Plaintiffs allege here.

If the Court finds the single count in Plaintiffs' Amended Complaint remains too murky for a motion to dismiss, SpaceX respectfully requests that the Court require Plaintiffs to file a more definite statement of their legal claims in separate counts, as required by Rule 10(b). Such a more definite statement would not only enable targeted motions practice on dispositive threshold issues but also clarify what agency actions and associated administrative records are at issue, thus facilitating orderly litigation.

Dated: September 13, 2024 Respectfully submitted,

/s/ Tyler G. Welti
Tyler G. Welti (D.C. Bar No. 1015691)
VENABLE LLP
101 California St. Suite 3800
San Francisco, CA 94111
Phone: 415-653-3714
Fax: 415-653-3755
tgwelti@venable.com

Jay C. Johnson (D.C. Bar No. 487768)
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, DC 20001
Phone: 202-344-4698
Fax: 202-344-8300
jcjohnson@venable.com

*Attorneys for Intervenor-Defendant Space Exploration Technologies Corporation*