**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, AMERICAN BIRD CONSERVANCY, SURFRIDER FOUNDATION, SAVE RGV, and THE CARRIZO/COMECRUDO NATION OF TEXAS, INC., <br><br> *Plaintiffs* <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION and MICHAEL WHITAKER, in his official capacity, <br><br> *Defendants.* <br><br> and <br><br> SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> *Defendant-Intervenor.* | Civil Case No. 23-cv-01204 (CJN) |

**FEDERAL DEFENDANTS STATEMENT ON INTERVENOR DEFENDANT'S MOTION TO DISMISS PLAINITFFS' AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Federal Defendants provide this statement to respond to arguments by both Plaintiffs and Intervenor-Defendant Space Exploration Technologies Corp. ("SpaceX") regarding the Migratory Bird Treaty Act ("MBTA"), 16 U.S.C. §§ 703-712. At base, the Court need not reach the issue of whether SpaceX violated the MBTA because Plaintiffs have disclaimed bringing a claim under the MBTA.

Specifically, in their opposition to SpaceX's motion to dismiss, Plaintiffs concede that they "have not brought a separate claim under the MBTA." ECF No. 39 at 14. While Plaintiffs'

amended complaint somewhat confusingly alleges that certain of SpaceX's activities violated the MBTA, ECF No. 36 ¶¶ 112, 136, it does so in the context of alleging that the FAA violated the National Environmental Policy Act by failing to consider the adverse impacts of SpaceX's activities on certain migratory birds protected by the MBTA.[1] Plaintiffs' opposition to SpaceX's motion to dismiss confirms this view. *See* ECF No. 39 at 14 (explaining their claim is not an MBTA claim, "but rather a valid NEPA-based APA claim"). In sum, there is no MBTA claim for the Court to adjudicate.

Nonetheless, to the extent the Court has further questions regarding the applicability of the MBTA here, Federal Defendants will provide additional briefing as requested, and otherwise reserve their right to address this issue further as the litigation progresses.

Respectfully submitted this 11th day of October, 2024,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*Gregory M. Cumming*
Gregory M. Cumming (D.C. Bar No. 1018173)
Matthew P. Rand (N.Y. Bar No. 4937157)
Sarah R. Ruckriegle (D.C. Bar No. 1658781)
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
(202) 305-0457 (office)
(202) 598-0414 (cell)
gregory.cumming@usdoj.gov

*Counsel for Federal Defendants*

---

[1] Even without Plaintiffs' concession, there could be no valid MBTA claim against Federal Defendants where they exercise only limited regulatory authority over SpaceX under the Commercial Space Launch Act of 1984, 51 U.S.C. §§ 50901–50923. *See, e.g., Friends of the Capital Crescent Trail v. Federal Transit Admin.*, 255 F. Supp. 3d 60, 75 (D.D.C. 2017) (MBTA's prohibitions do not extend to a federal agency that authorizes third-party activity that may allegedly cause an MBTA violation); *see also Protect Our Cmtys. Found v. Jewell*, 825 F.3d 571, 585 (9th Cir. 2016) (same).