**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | ) ) ) ) |
| *Plaintiffs* | ) ) |
| v. | ) ) |
| FEDERAL AVIATION ADMINISTRATION, *et al.*, | ) ) ) |
| *Defendants* | ) ) |
| and | ) ) |
| SPACE EXPLORATION TECHNOLOGIES CORP., | ) ) ) |
| *Defendant-Intervenor*. | ) ) ) |

Civil Case No. 23-cv-1204-CJN

**JOINT STATUS REPORT**

The Parties hereby set forth their status report and proposal for further proceedings in this matter.

By way of background, on August 19, 2024, Plaintiffs filed their First Amended Complaint ("FAC") (ECF No. 36). The FAC asserts one claim for relief alleging that the Federal Aviation Administration and Michael Whitaker, in his official capacity (collectively, "FAA"), violated the National Environmental Policy Act ("NEPA"), the applicable regulations, and the Administrative Procedure Act. FAC at 36. In support of this claim, Plaintiffs set forth three distinct alleged legal violations concerning: (1) the FAA's decision not to produce an Environmental Impact Statement ("EIS") when it approved the Starship/Superheavy launch

program, FAC ¶¶ 115-20;[1] (2) the FAA's decision not to conduct a new or supplemental NEPA analysis before issuing a second launch license following the April 20, 2023, launch, *id*. ¶¶ 121-22; and (3) the FAA's failure to conduct a new or supplemental NEPA analysis regarding new information pertaining to harm to the nests and eggs of birds protected by the Migratory Bird Treaty Act from debris from the June 2023 launch. *Id*. ¶¶ 123-24.

On September 13, 2024, Federal Defendants filed an answer to the FAC (ECF No. 37), and Intervenor-Defendant Space Exploration Technologies Corp. ("SpaceX") filed a Motion to Dismiss or for a More Definite Statement ("Motion") (ECF No. 38). The Motion only concerns the FAC's second and third theories of relief, *i.e.*, those pertaining to FAA's alleged failure to engage in supplemental NEPA analysis. *See* ECF No. 42 at 1 ("SpaceX seeks dismissal of Plaintiffs' second and third claims."). As SpaceX notes, the first theory (*i.e.*, that an EIS was required before the FAA could approve the Starship/Superheavy launch program) "is ready for summary judgment briefing." *Id.* at 10. The Motion remains pending before the Court.

The Parties have conferred about the most prudent course of action at this time. Their respective views are set out below.

**Plaintiffs' and FAA's Position(s)**

Plaintiffs and the FAA propose that the case should move forward with summary judgment as to Plaintiffs' first theory for relief only.

Plaintiffs believe that Federal Rule 56 allows them to move for partial summary judgement on a "part of a claim," and under both the federal and local rules they may do so now, since the Court has not set forth or adopted a contrary scheduling order in this matter. Plaintiffs' first theory for NEPA relief has not been challenged in the Motion to Dismiss and is ready for

---

[1] This is the same claim set forth in Plaintiffs initial Complaint. *See* ECF No. 1.

briefing.  Any concerns that SpaceX has regarding the scope of the claim, or of the administrative record for that claim, can be addressed through briefing; however, Plaintiffs believe that the record necessary to address Plaintiffs' arguments regarding the FAA's decision not to produce an EIS when it approved the Starship/Superheavy launch program is complete. FAA has in fact certified that record as complete and no party has challenged that certification. Plaintiffs' position is that there is no basis for delay regarding their challenge to the adequacy of FAA's decision not to prepare an EIS in connection with the launch program.

Plaintiffs and the FAA propose that Plaintiffs stipulate that they do not currently intend to pursue their second and third theories for relief, and that Plaintiffs accordingly request that the Court hold SpaceX's pending Motion to Dismiss in abeyance. In particular, FAA intends to release a new draft NEPA analysis regarding SpaceX's proposal to increase the cadence of Starship/Superheavy launches that may address some or all of the issues raised by Plaintiffs' second and third theories in the FAC. Thus, FAA and Plaintiffs believe that the appropriate and most efficient course of action is for summary judgment briefing to currently proceed solely on the first theory.

Accordingly, Plaintiffs and FAA request the Court stay any further deadlines regarding Plaintiffs' second and third theories and hold SpaceX's Motion in abeyance since, depending on FAA's new analysis, that motion may not need to be resolved at all. At minimum, FAA's new analysis may have a significant bearing on Plaintiffs' claim insofar as is relates to the need for supplemental NEPA analysis.  Plaintiffs and FAA therefore request the Court enter a scheduling order for partial summary judgment on that issue with the following dates: (1) Plaintiffs file a Motion for Partial Summary Judgment on or before November 22, 2024; (2) FAA and Defendant-Intervenor file their cross motions for partial summary judgment and response briefs

on January 24, 2025; (3) Plaintiffs file their reply brief on February 28, 2025; and (4) FAA and Defendant-Intervenor file their reply briefs on March 28, 2025.

If the Court adopts this proposal, Plaintiffs would inform the Court of the need for further proceedings on their second and third theories, if any, once they have sufficient information following their review of FAA's forthcoming NEPA analysis.

**SpaceX's Position**

SpaceX proposes that the parties' and the Court's resources are best spent following the plan laid out in the parties' September 26 joint status report (ECF 40). Under that plan, the parties have 10 days after the Court decides SpaceX's pending motion to dismiss to propose a schedule for addressing any record disputes and filing cross motions for summary judgment on all of Plaintiffs' remaining claims. This plan left no room for a partial summary judgment motion.

If Plaintiffs are allowed to depart from the parties' plan and seek partial summary judgment, it will create several inefficiencies. Most obvious, if the Court denies all or part of SpaceX's motion to dismiss, the parties would have to file a second set of cross motions for summary judgment. Beyond that, filing a partial summary judgment motion—even if Plaintiffs purport to hold their second and third claims in abeyance—will lead to questions about the scope of Plaintiffs' claims and the content of the record. Those same questions are already before the Court as part of SpaceX's motion to dismiss.

These sorts of problems and inefficiencies are why "many federal judges do not favor multiple summary judgment motions—at least in some circumstances." *Crawford v. Tilley*, 15 F.4th 752, 764 n.3 (6th Cir. 2021) (collecting cases). The circumstances here strongly favor taking the well-worn path in Administrative Procedure Act cases: First address motions to

dismiss, then resolve record disputes. Finally, when the claims and record are set, decide the case on cross-motions for summary judgment. In their last joint status report, the parties agreed on that path. There is no persuasive reason for departing from it now.

Respectfully submitted this 15th day of November 2024.

/s/ Jared Margolis
Jared Margolis (pro hac)
Center for Biological Diversity
2852 Willamette St. # 171
Eugene, OR 97405
(802) 310-4054
jmargolis@biologicaldiversity.org

*Counsel for Plaintiffs*

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ *Gregory M. Cumming*
Gregory M. Cumming (D.C. Bar 1018173)
Matthew P. Rand (N.Y. Bar 4937157)
Sarah R. Ruckriegle (D.C. Bar 1658781)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
Tel: (202) 305-0457 (office)
gregory.cumming@usdoj.gov

*Counsel for Federal Defendants*

/s/ Jay C. Johnson
Tyler G. Welti (D.C. Bar No. 1015691)
VENABLE LLP
101 California St. Suite 3800
San Francisco, CA 94111
Phone: 415-653-3714
Fax: 415-653-3755

tgwelti@venable.com

Jay C. Johnson (D.C. Bar No. 487768)
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, DC 20001
Phone: 202-344-4698
Fax: 202-344-8300
jcjohnson@venable.com

*Attorneys for Intervenor-Defendant Space
Exploration Technologies Corporation*