**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL AVIATION ADMINISTRATION, *et al.*,<br>　　　　　　Defendants,<br><br>　and<br><br>SPACE EXPLORATION TECHNOLOGIES CORP.,<br>　　　　　　Intervenor-Defendant. | Civil Action No. 1:23-cv-1204-CJN |

**INTERVENOR-DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

　　Intervenor-Defendant Space Exploration Technologies Corp. (SpaceX) files this notice to draw the Court's attention to new, relevant authority: the U.S. Supreme Court's decision in *Seven County Infrastructure Coalition v. Eagle County*, No. 23-975.

　　*Seven County* reiterates that "the central principal of judicial review in NEPA cases is deference." *Id.* at 8. All of an agency's "fact-dependent, context-specific, and policy-laden choices" during its NEPA review, as well as its "predictive and scientific judgments," are thus entitled to "substantial deference." *Id.* at 10–11, 12. And this deference applies not just to agency determinations about "to what extent to prepare an EIS," but also to decisions about "whether" to prepare one. *Id.* at 12 (quoting *Dep't of Transp. v. Pub. Citizen*, 541 U. S. 752, 767 (2004)) (emphasis omitted).

　　Plaintiffs' NEPA arguments in this case, which directly attack the FAA's predictive and scientific judgments, including its judgment about whether to prepare an EIS, cannot survive this

deferential review. Their formulations of the proper standard of review ignore the deference owed to the FAA's expertise, as SpaceX has explained. *See* ECF 49-1 at 14–15. Plus, Plaintiffs entirely miss that "[t]he ultimate question" in a NEPA case is "whether the agency's final decision is reasonable and reasonably explained"—not whether the environmental review "in and of itself is inadequate." Slip op. at 14.

*Seven County* also holds that an agency cannot violate NEPA by doing too much, as the FAA did here. *See* ECF 49-1 at 12–13. Like the FAA, the agency in *Seven County* had "stud[ied] more than NEPA demanded." Slip op. at 16 n.5. While this extra work did not earn the agency "bonus points," the Court was clear that it should "not receive a failing grade" for reviewing more than it had to. *Id.* The same holds true here. The Commercial Space Launch Act limited the FAA's NEPA obligations to a narrow, safety-focused review of proposed launches. The FAA cannot violate NEPA by studying more.

For these reasons and those stated in SpaceX's and the FAA's briefing, the FAA's decision should be affirmed.

Dated:  June 3, 2025                                     Respectfully submitted,

*/s/ Tyler Welti*
Tyler Welti (D.C. Bar No. 1015691)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
415.653.3714
415.653.3755 (fax)
tgwelti@venable.com

Jay C. Johnson (D.C. Bar No. 487768)
VENABLE LLP
600 Massachusetts Avenue NW
Washington, DC 21
202.344.4698
jcjohnson@venable.com

*Counsel for Intervenor-Defendant Space Exploration Technologies Corp.*

2