UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>      *Plaintiffs*<br><br> v.<br><br>FEDERAL AVIATION ADMINISTRATION, *et al.*,<br><br>      *Defendants*<br><br>  and<br><br>SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>      *Defendant-Intervenor*. | Civil Case No. 23-cv-1204-CJN |

**STATUS REPORT**

On August 19, 2024, Plaintiffs filed their First Amended Complaint ("FAC") (ECF No. 36). The FAC asserts one claim for relief alleging that the Federal Aviation Administration and Michael Whitaker, in his official capacity (collectively, "FAA"), violated the National Environmental Policy Act ("NEPA"), the applicable regulations, and the Administrative Procedure Act. FAC at 36. In support of this claim, Plaintiffs set forth three distinct alleged legal violations concerning: (1) the FAA's decision not to produce an Environmental Impact Statement ("EIS") when it approved the Starship/Superheavy launch program, FAC ¶¶ 115-20;[1] (2) the FAA's decision not to conduct a new or supplemental NEPA analysis before issuing a

---

[1] This is the same claim set forth in Plaintiffs initial Complaint. *See* ECF No. 1.

1

second launch license following the April 20, 2023, launch, *id.* ¶¶ 121-22; and (3) the FAA's failure to conduct a new or supplemental NEPA analysis regarding new information pertaining to harm to the nests and eggs of birds protected by the Migratory Bird Treaty Act from debris from the June 2023 launch. *Id.* ¶¶ 123-24.

On September 13, 2024, Federal Defendants filed an answer to the FAC (ECF No. 37), and Intervenor-Defendant Space Exploration Technologies Corp. ("SpaceX") filed a Motion to Dismiss or for a More Definite Statement (ECF No. 38). The SpaceX Motion only concerned the FAC's second and third theories of relief, *i.e.*, those pertaining to FAA's alleged failure to engage in supplemental NEPA analysis. *See* ECF No. 42 at 1.

On November 15, 2024, the Parties filed a Joint Status Report wherein Plaintiffs and the FAA proposed that the case should move forward with summary judgment as to Plaintiffs' first theory for relief only. *See* ECF No. 44. Plaintiffs requested that the Court hold the other theories for relief and SpaceX's Motion to Dismiss in abeyance, since the FAA had announced its intention to release a new draft NEPA analysis regarding SpaceX's proposal to increase the cadence of Starship/Superheavy launches that had the potential to address some or all of the issues raised by Plaintiffs' second and third theories in the FAC. The Status Report noted that should the Court adopt that position, Plaintiffs would inform the Court of the need for further proceedings on their second and third theories, if any, once they have sufficient information following their review of FAA's new NEPA analysis.

On November 21, 2024, the Court entered a Minute Order adopting the approach proposed by Plaintiffs and the FAA, providing a schedule for summary judgment briefing on the Plaintiffs' "first theory for relief," and holding in abeyance Plaintiffs' "second and third theories

for relief" as well as SpaceX's Motion to Dismiss until the Parties informed the Court about the effects of the government's planned new NEPA analysis on those theories for relief.

On April 24, 2025, the FAA released the Final Tiered Environmental Assessment for SpaceX Starship/Super Heavy Vehicle Increased Cadence at the SpaceX Boca Chica Launch Site in Cameron County, Texas, along with a Mitigated Finding of No Significant Impact and Record of Decision.

**Plaintiffs' position:**

Having reviewed the new NEPA analysis, Plaintiffs hereby inform the Court of their intention to file a new amended/supplemental complaint to bring claims regarding the FAA's analysis of the environmental impacts of the increased launch cadence and the failure to once again produce an environmental impact statement to support the FAA's decision.

To be clear, Plaintiffs' new amended/supplemental complaint will leave intact and make no changes to Plaintiffs' "first theory for relief," which has now been fully briefed and is ready for the Court's review. Plaintiffs only intend to supplant the "second and third theories for relief" with claims pertaining to the FAA's new NEPA analysis.

Plaintiffs' position is that given the new NEPA analysis was tiered directly off of the Programmatic Environmental Assessment (PEA) that is the subject of the pending motions for summary judgement, the administrative record for the PEA is still applicable and would only need to be supplemented to provide documents pertaining to the FAA's decision to increase the launch cadence. Therefore, reviewing the new NEPA claims within this same docket would support judicial efficiency, whereas filing a new complaint in a related case would be an unnecessary make-work exercise.

Therefore, Plaintiffs intend to file a motion for leave to file a new amended/supplemental complaint along with the proposed complaint as soon as possible. Since Plaintiffs will no longer be pursuing the "second and third theories for relief" as set forth in the FAC, but will replace those with new claims, Plaintiffs request that the Court dismiss without prejudice the second and third theories of relief and deny SpaceX's Motion to Dismiss without prejudice as moot.

**Federal Defendants' position:**

Federal Defendants do not agree that amendment to the existing Complaint, rather than the filing of a new lawsuit, is the most efficient way to proceed, but reserve the right to respond more fully after reviewing Plaintiffs' proposed amendment.

**SpaceX's position:**

On April 24, 2025, the FAA released an Environmental Assessment and a Mitigated Finding of No Significant Impact (FONSI) / Record of Decision (ROD) pertaining to an increased maximum number of Starship launches per year at SpaceX's Boca Chica launch site. SpaceX does not agree with Plaintiffs that amendment to the existing Complaint is the most efficient way to proceed. While SpaceX will review the proposed amendment, it believes that that the most efficient course would be for Plaintiffs to file any claims challenging the April 2025 EA and FONSI/ROD in a new lawsuit, not as an amendment to the complaint in the case, which has been pending for years and challenges a different agency action based on a distinct administrative record.

Respectfully submitted this 5th day of June, 2025.

/s/ Jared Margolis
Jared Margolis (pro hac)
Center for Biological Diversity
2852 Willamette St. # 171
Eugene, OR 97405

(802) 310-4054
jmargolis@biologicaldiversity.org

*Counsel for Plaintiffs*