UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION, *et al.*, <br><br> *Defendants* <br><br> and <br><br> SPACE EXPLORATION TECHNOLOGIES CORP. <br><br> *Defendant-Intervenor*. | Civil Case No. 23-1204 |

**DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Below, Defendants provide their response to Defendant-Intervenor Space Exploration Technologies Corporation's ("SpaceX") recent notice of supplemental authority, ECF No. 59, as well as Plaintiffs' response, ECF No. 60.

First, Defendants agree with SpaceX that the Supreme Court's decision in *Seven County Infrastructure Coalition v. Eagle County* affirmed that broad principles of deference apply to a court's review of an agency's analysis under the National Environmental Policy Act ("NEPA"). *See* 605 U.S. —, 2025 WL 1520964, at *9 (May 29, 2025) (explaining that the "bedrock principle" governing review in NEPA cases is "deference"). Thus, deference should guide the

Court's review here of the agency's NEPA review, which necessarily involved weighing a variety of methodological choices and scientific material.

Second, Plaintiffs argue that the principles articulated in *Seven County* do not extend to an agency's decision to rely on mitigation to reach a finding of no significant impact ("FONSI"). ECF No. 60 at 1-2. But that reading is misplaced. As an initial matter, nothing in the Court's decision was limited to the content of Environmental Impact Statements ("EIS"); instead, the Court explained that the same deference principles apply to an agency's decision as to "whether" to prepare an EIS. *See Seven County*, 2025 WL 1520964, at *8 (quoting *Dep't of Transp. v. Public Citizen*, 541 U.S. 752, 767 (2004)).

Moreover, an agency's analysis of the potential effectiveness of mitigation measures plainly implicates the same "predictive and scientific judgments" to which the Court in *Seven County* held that "substantial deference" was owed. *Seven County*, 2025 WL 1520964 at *7; *see also id.* at *8 ("[A]n agency will invariably make a series of fact-dependent, context-specific, and policy-laden choices about the depth and breadth of its inquiry" to which "[c]ourts should afford substantial deference and should not micromanage"); *see also Sierra Club v. Van Antwerp*, 661 F.3d at 1147, 1154 (D.C. Cir. 2011) (explaining that courts should apply the "usual" standard of review to an agency's decision to prepare a FONSI). In sum, Plaintiffs' efforts to cabin *Seven County* to the particular NEPA review at issue in that case should be rejected.

Third and finally, the Court also confirmed that, in accord with arguments in Defendants' cross-motion for summary judgment, *see* ECF No. 50-1 at 45, minor procedural violations do not necessitate vacatur of the underlying agency action. *See Seven County*, 2025 WL 1520964, at *9 ("Even if an EIS falls short in some respects, that deficiency may not necessarily require a court to vacate the agency's ultimate approval of a project, at least absent reason to believe that the

2

agency might disapprove a project if it added more to the EIS."); *see also Milk Train, Inc. v. Veneman*, 310 F.3d 747, 756 (D.C. Cir. 2002) (a "serious possibility" that the agency could reach the same result on remand "favors remanding rather than vacating").

Respectfully submitted this 17th day of May, 2025,

> ADAM R.F. GUSTAFSON
> Acting Assistant Attorney General
> United States Department of Justice
> Environment & Natural Resources Division
>
> */s/ Gregory M. Cumming*
> Gregory M. Cumming (D.C. Bar No. 1018173)
> Matthew P. Rand (N.Y. Bar No. 4937157)
> Environment & Natural Resources Division
> Natural Resources Section
> 150 M St., N.E.
> Washington, D.C. 20002
> (202) 305-0457 (office)
> (202) 598-0414 (cell)
> gregory.cumming@usdoj.gov
>
> *Counsel for Defendants*