# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION, *et al.*, <br><br> *Defendants* <br><br> and <br><br> SPACE EXPLORATION TECHNOLOGIES CORP. <br><br> *Defendant-Intervenor*. | Civil Case No. 23-1204 |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT

As detailed below, Defendants request that the Court hold Plaintiffs' Motion for Leave to File Amended and Supplemental Complaint ("Motion,"), Dkt. 64, in abeyance pending resolution of the summary judgment briefing currently before the Court. Alternatively, the Court should deny Plaintiffs' Motion as untimely filed.

First, the Court should hold Plaintiffs' request in abeyance pending resolution of the pending cross-motions for summary judgment. *See* July 23, 2025 Minute Order (taking motions under advisement). Although Plaintiffs' proposed amended complaint raises new claims regarding the sufficiency of the FAA's April 24, 2025 Tiered Environmental Assessment

("TEA"), those claims are largely derivative of—and apply the same theories of relief as—those currently before the Court. To that end, Plaintiffs admit that "for several categories of environmental impacts associated with the proposed increase in launch cadence—including the impacts associated with anomalies—the Tiered EA relies entirely on the analysis provided in the PEA with no additional discussion, stating that such issues were 'assessed by the existing environmental documentation supporting the program.'" Mot. at 8; *see also* Dkt. 64-2 ¶ 17 ("Relying on the same misguided and erroneous reasoning and analysis from the 202[2] PEA, on April 24, 2025, the FAA issued a new environmental assessment tiered off of the 202[2] PEA and a new mitigated FONSI to approve the increased launch and landing cadence for the Starship/Superheavy Launch Program . . . .").

Thus, resolution of Plaintiffs' current claims will necessarily inform whether their proposed amendment is futile or warranted. *See Shipkovitz v. Barr*, No. 18-1264, 2019 WL 10821161, at *5 n.7 (D.D.C. Mar. 7, 2019) (holding request to amend in abeyance pending resolution of dispositive issues). Indeed, as Plaintiffs acknowledge, "[t]he FAA's review of the proposal to increase the launch cadence is therefore premised directly on the analysis provided in the PEA that is currently before the Court." Mot. at 8-9. It only makes sense, then, from the perspective of the Court and the Parties' resources as well as principles of judicial efficiency, to resolve Plaintiffs' challenges to the PEA *first*, and then determine whether, and if so to what extent, filing new claims is appropriate or meritorious. *See IBT/Here Emp. Representatives' Council v. Gate Gourmet Div. Am.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) ("Indeed, '[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" (citation omitted)); *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446

(D.N.J. 2014) ("Where a stay is sought pending resolution of purportedly related litigation . . . courts consider whether resolution of the related litigation would substantially impact or otherwise render moot the present action."); *cf. Amick v. Ohio Dep't of Rehab. & Corr.*, No. 09-812, 2010 WL 5393995, at *6 (S.D. Ohio Dec. 17, 2020) (deferring ruling on proposed amendment pending discovery into basis of claims).  The Court should thus abstain from ruling on Plaintiffs' Motion until resolving the pending summary judgment motions, as a merits decision on Plaintiffs' pending claims will be highly informative as to whether their proposed new claims are futile.[1]

Second, and in the alternative, the Court should simply deny Plaintiffs' Motion as untimely filed and thus contrary to principles of judicial efficiency.  The Parties' have filed cross-motions for summary judgment, and the Court heard oral argument on those motions on July 23, 2025.  *See* July 23, 2025 Minute Order.  Because Plaintiffs did not file their Motion until after merits briefing was concluded, their request comes too late, and any new claims should properly be brought in a new action, rather than being grafted on to one that is close to reaching resolution.  *See City of Williams v. Dombeck*, 203 F.R.D. 10, 11-12 (D.D.C. 2001) (denying leave to amend where "Plaintiffs' motion to amend was filed a scant twelve days before briefing on cross-motions for summary judgment commenced" such that "to grant Plaintiffs' motion would delay resolution of the case, as additional time would be needed to compile the administrative record" and would "likely require yet another round of cross-motions for summary judgment"); *see also Hoffmann v. United States*, 266 F. Supp. 2d 27, 34 (D.D.C. 2003) ("it is fairly well established that '[d]enying leave to amend is particularly appropriate when a

---

[1]   To the extent the Court adopts this approach, Defendants request an opportunity to submit a renewed opposition to Plaintiffs' Motion following the Court's resolution of the pending summary judgment motions.

lawsuit is on the verge of final resolution.'" (citation omitted)); *Wilderness Soc'y v. Griles*, 824 F.2d 4, 19 (D.C. Cir. 1987) (explaining that district court did not abuse discretion in denying motion to amend filed "more than a year after the filing of their initial complaint and after dispositive motions had been filed and opposed").  Nor would denial of the Motion prejudice Plaintiffs; instead, they "can readily file their claims against the [agency] in a separate action." *Dombeck*, 203. F.R.D. at 13.

In sum, the Court should hold Plaintiffs' Motion in abeyance, or, alternatively, deny it outright.

Respectfully submitted this 15th day of August 2025,

        ADAM R.F. GUSTAFSON
        Acting Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        */s/ Gregory M. Cumming*
        Gregory M. Cumming (D.C. Bar No. 1018173)
        Matthew P. Rand (N.Y. Bar No. 4937157)
        Environment & Natural Resources Division
        Natural Resources Section
        150 M St., N.E.
        Washington, D.C. 20002
        (202) 305-0457 (office)
        (202) 598-0414 (cell)
        gregory.cumming@usdoj.gov

        *Counsel for Defendants*