**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, )<br><br>*Plaintiffs* )<br><br>v. )<br><br>FEDERAL AVIATION ADMINISTRATION, *et al*., )<br><br>*Defendants* )<br><br>and )<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., )<br><br>*Defendant-Intervenor*. ) | Civil Case No. 23-1204-CJN |

**PLAINTIFFS' REPLY TO DEFENDANTS' AND SPACEX'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiffs have moved the Court for leave to file a Second Amended and Supplemental Complaint to include new claims regarding the FAA's analysis of the environmental impacts of increasing the launch/landing cadence for the Starship/Superheavy Launch Program and the agency's failure to once again produce an environmental impact statement (EIS) to support its decision. As discussed in Plaintiffs' motion, the proposed Second Amended and Supplemental Complaint would only add claims concerning the FAA's new NEPA analysis for the increased cadence and leaves intact Plaintiffs' initial claim that the FAA's decision not to produce an EIS when it approved the Starship/Superheavy launch program violated NEPA, which has now been fully briefed and argued and is awaiting a decision. Defendants and SpaceX have opposed the

motion, arguing that it is untimely and prejudicial. As explained below, although those objections are groundless, the recent hearing on the parties' motions for partial summary judgment addressed issues that, when the Court rules, may have a bearing on how Plaintiffs plead their challenge to the FAA's more recent effort at NEPA compliance for the increased cadence. Given that development, Plaintiffs have no objection to the Court denying the motion to amend without prejudice at this time and allowing Plaintiffs to file a renewed motion following the Court's ruling on the pending summary judgment motions.

Defendants' and SpaceX's arguments regarding timing and prejudice are unfounded and ignore that the Court already allowed the parties to proceed with *partial* summary judgment motions with the expectation that further claims would be brought once the FAA completed the NEPA process for the increased cadence. *See* Minute Order dated November 21, 2024; ECF No. 44 (Joint Status Report). Indeed, the Rules of Civil procedure specifically allow for supplemental complaints "to *put forward new claims* or defenses based on events that took place after the original complaint or answer was filed...." *Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (emphasis added) (quoting *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002)). In this way, Rule 15(d) serves to "promote as complete an adjudication of the dispute between the parties as is possible." *Competitive Enter. Inst. v. McCarthy*, 2021 U.S. Dist. LEXIS 263622, *6-7, 2021 WL 9937858 (D.D.C. 2021) (quoting Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.)). Therefore, Plaintiffs properly sought a timely amendment to the complaint to bring new, supplemental challenges to a new decision that is directly connected to the existing litigation.

Granting the motion would not cause any prejudice given the supplemental claims do not implicate or in any way alter the summary judgment arguments that have been fully briefed,

which Plaintiffs agree are ripe for decision. Nor would it unduly prolong the existing

uncertainties regarding the lawfulness of the 2022 PEA. *Contra* SpaceX, ECF No. 67 at 7. In

fact, SpaceX's arguments on that point are entirely contradictory: it argues that allowing

Plaintiffs to file the new claims would somehow delay a decision on the existing summary

judgment motions—though the proposed Complaint does not require any new arguments

regarding the existing claim and Plaintiffs have not asked for that process to be delayed—but

also acknowledges that the new claims concern a different decision with a different

administrative record, and the process for reviewing the new claims would require "new

summary judgment briefing and a new decision—a process that presumably will wait until the

Court rules on the already-pending summary judgment motions." ECF No. 67 at 7. If, as SpaceX

agrees, the new claims involve a new decision and litigation over those claims would not occur

until *after* the Court rules on the pending summary judgment motions, then it remains entirely

unclear how SpaceX would be prejudiced by the Court allowing Plaintiffs to bring the

supplemental claims here, especially if such claims could be brought in a separate complaint

resulting in essentially the same scenario as the proposed amendment.[1]

     Nonetheless, given the issues addressed at the oral arguments on the pending summary

judgment motions, Plaintiffs recognize that resolution of those motions may inform Plaintiffs

regarding how to proceed with new claims concerning the FAA's NEPA review for the increased

cadence, since the claims apply similar theories for relief. It is also possible that one of the

---

[1] SpaceX's contention that Plaintiff could somehow delay final judgment or "prevent an appeal," ECF No. 67 at 7, is unfounded and unsupported with any case law. SpaceX could seek an interlocutory appeal of any decision on the pending partial summary judgment motions, and regardless, filing a separate case would result in the same scenario with ongoing litigation over the FAA's NEPA review, and therefore would not resolve any lingering uncertainty over the legality of the FAA's compliance with the law.

parties may seek an appeal of the Court's decision on the pending summary judgment motions, and delaying further litigation on any new claims until such an appeal is completed may be warranted. For these reasons, Plaintiffs do not oppose the Court denying Plaintiffs' motion without prejudice to its potential renewal after the Court rules on the pending motions for partial summary judgment.

Respectfully submitted this 27th day of August, 2025,

/Jared Margolis
Jared M. Margolis (*pro hac vice*)
Center for Biological Diversity
2852 Willamette St. # 171
Eugene, OR 97405
Tel: (802) 310-4054
Email: jmargolis@biologicaldiversity.org
*Counsel for Plaintiffs*