UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION, *et al.*, <br><br> *Defendants* <br><br> and <br><br> SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> *Defendant-Intervenor*. | Civil Case No. 23-1204-CJN |

**PLAINTIFFS' MEMORANDUM CLARIFYING THEIR
REQUEST REGARDING FINAL JUDGMENT**

Plaintiffs hereby clarify their request for the Court to enter final judgment in this matter pursuant to the Court's November 18, 2025, Minute Order. For the following reasons, the Court can enter final judgement in this matter without a Rule 54(b) certification or further amendment of the Complaint, as the Court has ruled on the only live claim before it and entering final judgment is therefore appropriate.

The initial Complaint in this matter had only one claim, which is the same "first theory for relief" that the Court ruled on, ECF No. 70, and issued an order granting the government's and SpaceX's cross-motions for partial summary judgment, ECF No. 71, regarding the FAA's decision not to produce an Environmental Impact Statement ("EIS") when it approved the

1

Starship/Superheavy launch program. At this time, that is the only active theory for relief at issue in this matter.

Plaintiffs had previously filed a First Amended Complaint, ECF No. 36, which added two additional "theories for relief" regarding the failure to conduct a supplemental NEPA analysis to analyze the impacts of the first launch of the Starship/Superheavy Rocket, as well as to consider impacts to species protected under the Migratory Bird Treaty Act that were harmed from a subsequent launch event. However, the FAA then announced that it would be doing a new NEPA analysis to consider SpaceX's request to increase the cadence of launches/landings at the Boca Chica facility, which had the potential to address the concerns raised by Plaintiffs in their supplemental theories for relief. The parties filed a Joint Status Report on November 15, 2024, ECF No. 44, in which Plaintiffs and the government suggested that the parties proceed with partial summary judgment briefing on the "first theory for relief." The Court agreed, and on November 21, 2024, issued a Minute Order that held the "second and third theories for relief" from the First Amended Complaint in abeyance until the parties informed the Court about the effects of the new NEPA analysis on those theories.

Following the completion of the new NEPA analysis, the parties filed a status report on June 5, 2025, ECF No. 61, which informed the Court that Plaintiffs would no longer be pursuing the "second and third theories for relief" set forth in the First Amended Complaint and would file a new amended/supplemental complaint with claims regarding the NEPA analysis for the increased launch cadence that would supplant the "second and third theories for relief" set forth in the First Amended Complaint. To that end, Plaintiffs requested that the Court "dismiss without prejudice the second and third theories for relief." *Id*.

On July 14, 2025, Plaintiffs moved for leave to file a Second Amended and Supplemental Complaint, ECF No. 64, which included new "second and third theories for relief" regarding the FAA's analysis of the environmental impacts of increasing the launch/landing cadence for the Starship/Superheavy Launch Program and the agency's failure to once again produce an EIS to support its decision. However, the Court never ruled on Plaintiffs' Motion for Leave to File the Second Amended and Supplemental Complaint, and by motion dated October 1, 2025, ECF No. 72, Plaintiffs withdrew that motion and notified the Court that they did not intend to pursue the supplemental claims.

Therefore, it is Plaintiffs' understanding that the Court has now ruled on the only claim (or "theory for relief") that is actively before the Court. Since Plaintiffs requested that the initial version of the "second and third theories for relief" from the First Amended Complaint be dismissed without prejudice, and their Motion for Leave to File the Second Amended and Supplemental Complaint with the new versions of the "second and third theories for relief" was never granted and has now been withdrawn, the supplemental claims and additional theories of relief are not before the Court for resolution. If necessary, to effectuate this understanding, Plaintiffs request that the Court deem their second and third theories for relief, which are not set forth in a separate claim, *see* ECF No. 36 at 121-24, to have been voluntarily dismissed.

For these reasons, Plaintiffs do not believe that a Rule 54(b) certification or further amendment of the Complaint is necessary before the Court may deem all matters before the Court to be resolved and, on that basis, enter final judgment in this matter. The Court has disposed of all the claims before it, and judgment is therefore final. I*n re Domestic Airline Travel Antitrust Litig.*, 3 F.4th 457, 459 (D.C. Cir. 2021).

Plaintiffs respectfully request that the Court enter final judgment in this matter.

4

Respectfully submitted this 19th day of November, 2025,

/Jared Margolis
Jared M. Margolis (*pro hac vice*)
Center for Biological Diversity
2852 Willamette St. # 171
Eugene, OR 97405
Tel: (802) 310-4054
Email: jmargolis@biologicaldiversity.org
*Counsel for Plaintiffs*

4